HERMAN KASER *vs.* GEORGE HAAS.

January 11, 1881.

**Homestead in Undivided Interest in Land.**—The ownership by the occupant of an undivided interest, as of an undivided three-fourths, in land occupied as a homestead, is sufficient ownership to sustain a homestead exemption.

**Same—Purchase of Outstanding Interest.**—An outstanding interest in land held and occupied as a homestead does not, when conveyed during the continuance of the homestead right to the occupant, become subject to the lien of a judgment docketed prior to such conveyance, but while the homestead right exists.

Plaintiff, being the owner of a certain lot in the city of St. Paul, brought this action in the district court for Ramsey county to restrain the defendant from selling the same under a certain judgment, and to have the said judgment declared to be no lien upon said lot.

Upon the trial of the action before *Brill*, J., the court found as facts that prior to January 11, 1878, one George Willig was the owner of an undivided three-fourths of said lot, and occupied the same as his homestead; that on January 11, 1878, the defendant recovered judgment against said Willig, and had the same duly docketed, and that subsequently, while still holding the lot as his homestead, Willig acquired the remaining interest, and conveyed the entire lot to plaintiff. Upon these facts the court declared the judgment to be a lien upon the entire lot, and ordered judgment for defendant, from which plaintiff appealed.

*S. L. Pierce*, for appellant.

*C. N. Bell* and *P. C. Haas*, for respondent, argued that a claim of homestead will not attach to an undivided interest in land, and cited: *Ward* v. *Huhn*, 16 Minn. 159 ; *Kresin* v. *Mau*, 15 Minn. 116; *Kelly* v. *Dill*, 23 Minn. 435; *Thurston* v. *Maddocks*, 6 Allen, 427 ; *Wolf* v. *Fleischacker*, 5 Cal. 244; *Reynolds* v. *Pixley*, 6 Cal. 165; *Kellersberger* v. *Kopp*, 6 Cal.

565; *Bishop* v. *Hubbard,* 23 Cal. 514; *Elias* v. *Verdugo,* 27 Cal. 418; *Seaton* v. *Son,* 32 Cal. 481; *Kingsley* v. *Kingsley,* 39 Cal. 665; *Cameto* v. *Dupuy,* 47 Cal. 79; *West* v. *Ward,* 26 Wis. 579; *Lozo* v. *Sutherland,* 38 Mich. 168; *Amphlett* v. *Hibbard,* 29 Mich. 298; *Ventress* v. *Collins,* 28 La. An. 783; *Simmon* v. *Walker,* 28 La. An. 608; *Borron* v. *Sollibellos,* 28 La. An. 355; *Bemis* v. *Driscoll,* 101 Mass. 418.

GILFILLAN, C. J. When defendant's judgment against George Willig was docketed, the latter was occupying as his home and owned an undivided three-fourths of the lot in question—lot 3, block 2, Brunson's addition to St. Paul. After the docketing he removed from the lot, and never afterwards resided on it, but, within six months from his removing, he duly made and filed notice, as provided by law, of his claim of the lot as his homestead. Within a year after removing, the outstanding undivided one-fourth interest was conveyed to him, and afterwards, within said year, he conveyed the lot to plaintiff. Defendant claims that the lot is subject to the lien of his judgment against Willig, and may be sold on execution under it, and that at any rate the undivided one-fourth conveyed to Willig, after the judgment was docketed, became subject to the lien. Plaintiff claims that when the judgment was docketed the lot was Willig's homestead, and so not subject to the lien of the judgment, and that the undivided one-fourth, being conveyed to Willig when the exemption was in force, became subject to it, and not to the judgment lien.

Laws 1860, *c.* 95, § 1, and Laws 1868, *c.* 58, § 1, (Gen. St. 1878, *c.* 68, §§ 8, 9,) so far as they provide for retaining the homestead exemption in case of removal from the premises, are not repealed by Laws 1875, *c.* 65, § 1, and *c.* 66, § 1, (Gen. St. 1878, *c.* 68, § 1.)

The questions presented are: Is an owner of only an undivided interest in a lot occupied by him as his home entitled to hold it as a homestead exempt from the lien of, and execution and sale under, judgments against him? And, if

so, does the judgment lien attach to the outstanding· undivided interest, if, after the docketing of the judgment, but while the exemption exists, that interest is conveyed to him?

That an owner of an undivided interest only cannot claim the exemption is held in some states, as in Massachusetts, New Hampshire, California, Indiana· and Wisconsin; the contrary is held in other states, as in Illinois, Iowa, Arkansas, Texas, Vermont and Michigan. The statute in this state (Gen. St. 1878, *c.* 68, § 1,) provides: "A homestead, consisting of any quantity of land, not exceeding," etc., "and the dwelling-house thereon and its appurtenances, owned and occupied by any resident of this state, shall not be subject to attachment, levy or sale," etc.; and section 8: "Nor shall any judgment or decree of any such court be a lien on such homestead for any purpose whatever." This apparently contemplates there shall be an ownership in some sort (at least) of title to the land, as well as occupancy, and that mere occupancy, without any ownership, will not support a homestead claim in the land; that is, that a mere trespasser, occupying without right, cannot claim the protection of the statute. It is generally conceded that the ownership need not be of an estate in fee-simple; that the occupant need not be sole owner of the entire estate. So in *Wilder* v. *Haughey,* 21 Minn. 101, an equitable owner—one occupying under a contract for purchase merely—was held entitled to the exemption. It would seem to follow logically from the principle of that decision that the character of the ownership, or of the estate or interest owned, is not material, so that it gives the right of occupancy—so that there is a concurrence of ownership and occupancy, the former sustaining the latter. The court, in its opinion, speaking of the purpose, spirit and policy of the statute, said: "It would seem, as a general rule, that the less the estate and interest, the more important its preservation to the claimant and his family, and the greater the necessity for surrounding it with the defences of the statute." A tenant in common or joint tenant

has, by reason of his estate or interest, a right to the possession, to the exclusive possession, as against all the world but his cotenant. His exclusive possession is rightful, except as against the demand of his cotenant to be let into joint possession. The fact that the cotenant may, if he choose, disturb such exclusive possession, cannot affect the right to the undisturbed possession as against every one else, nor affect the right, as against all the world but the cotenant, to occupy the premises as a homestead.

We are unable to see much force in the reason assigned by some of the courts for denying the homestead right to the owner of only an undivided interest in the estate, to wit, that it would be practically impossible to set off for him any specific portion which might not, on partition, fall to his cotenant. In setting off the homestead between the claimant and his creditor, the rights of third persons are not considered, nor does it matter that a portion selected by and set off to the claimant, as between him and the creditor, may, in a subsequent controversy between the claimant and some third person, be lost to the former. The object of the statute is not to vest in the claimant an assured title to the portion set off, but to protect that portion from levies and sales under judgments. When there is the requisite ownership and occupancy of the portion selected and set off, it cannot be material that such ownership and occupancy may be subsequently defeated, as by the foreclosure of a lien already attached, or re-entry for condition broken, or the like.

*Ward* v. *Huhn*, 16 Minn. 159, which is cited as bearing on the question under discussion, does not touch it. The only question in that case was, Is an undivided half of two lots equivalent, under the statute, to a quantity of land not exceeding one lot? The court held that it is not. That an owner of an undivided interest in a quantity within the statute limit may or may not be entitled to the exemption, was not before the court. We have no hesitation in holding that ownership of an undivided interest, with the requisite occupancy,

will sustain the homestead claim to a quantity of land not exceeding that allowed by statute.

The decision of this question necessarily indicates that of the second question.

'The statute does not exempt any particular interest in the land. Its protection is not confined to the particular title or interest to the claimant. It exempts the "homestead"—that is, the land and the dwelling-house thereon—and the appurtenances; the land and dwelling, not the interest or title of the claimant, are the homestead. While the land and dwelling remain the homestead, no judgment against the claimant can become a lien. The inquiry as to his title is to ascertain if the right of exemption has attached to the land, not to determine what particular interest is exempt. The land being exempt, no mere changes in the claimant's title, so long as he retains sufficient title to support the homestead claim, can affect the exemption. An outstanding interest is not a thing separate and apart from the land, so that its acquisition by the claimant may affect the exemption. *Spencer* v. *Geissman,* 37 Cal. 96.

It follows that at the time of plaintiff's purchase the judgment of defendant was not a lien to any extent on the lot, and the plaintiff is entitled to judgment as demanded in his complaint.

Judgment reversed, and cause remanded for entry of the proper judgment.

BERRY, J., *dissenting.* I agree to the conclusion arrived at by my brethren as to the exemption of the three undivided fourths of the lot which were owned by Willig at the time when the defendant's judgment was docketed. As to the other undivided fourth, Willig had no ownership of it, or of any interest in it of any kind or degree, at the time when defendant's judgment was docketed. At that date, and for some time after, it was owned by another person. He might have conveyed a perfect title to it, unencumbered by any claim.

whatever on the part of Willig, or it might have been levied upon and sold as his (the owner's) property, and, if not redeemed, the purchaser would have acquired an absolutely perfect title to it. As Willig, therefore, was not its owner, in any sense, I think it could not be and was not a part of his homestead, for the statute requires that the homestead shall be owned by the claimant.