## CITIZENS' LOAN & TRUST CO. OF MANKATO v. EBERHART.

## CITIZENS' LOAN & TRUST CO. v. EBERHART.

(Circuit Court of Appeals, Eighth Circuit. April 7, 1924.)

Nos. 245, 6401.

1. **Bankruptcy ⬯396(5)—Bankrupt held entitled to homestead exemption in land held by tenancy in common.**

A farm conveyed to bankrupt and his brother by their parents, and which for a number of years they occupied and operated together, sharing equally in the proceeds, *held* not partnership property, but owned by them as tenants in common, and bankrupt, who in the meantime had married and continued to reside on the farm, *held* entitled to his homestead exemption therein, under Gen. St. Minn. 1913, § 6961.

2. **Bankruptcy ⬯440—Order involving questions of both fact and law reviewable by appeal.**

An order of the bankruptcy court, which determines questions of both fact and law, is reviewable by appeal.

Petition to Revise Order of and Appeal from the District Court of the United States for the District of Minnesota; John F. McGee, Judge.

In the Matter of George Eberhart, bankrupt. The Citizens' Loan & Trust Company of Mankato, as trustee, petitions to revise and appeals from an order of the District Court setting apart bankrupt's homestead exemption. Petition to revise dismissed; affirmed on appeal.

W. A. Doerr, of Mankato, Minn., for appellant and petitioner.

Thomas Hughes, of Mankato, Minn., for appellee and respondent.

Before STONE and KENYON, Circuit Judges, and PHILLIPS, District Judge.

KENYON, Circuit Judge. In June, 1922, George Eberhart was on his own petition adjudged a bankrupt. Thereafter the Citizens' Loan & Trust Company of Mankato, Minn., was elected trustee of his estate. The bankrupt claimed certain personal property and real estate as exempt. The trustee filed his report refusing to set the same apart as exempt. The referee, however, allowed the exemption, setting apart to the bankrupt an undivided one-half interest in and to the north half of the northwest quarter of section 26, township 107 north, of range 27 west, in Blue Earth county, Minn.; also certain wearing apparel and other personal property. This order was sustained by the District Court, and the trustee in bankruptcy brings the matter here by appeal and by petition to revise, claiming that this property was partnership property of Edward and George Eberhart, and consequently not subject to exemption.

[1] The only issue in the case is: Were George and Edward Eberhart partners in the ownership of the real and personal property set aside as exempt? If they were, then the exemption was improperly allowed. The father and mother of the Eberharts were early settlers of Rapidan township, Blue Earth county, Minn. The land involved here was purchased by the father over 50 years ago, and the brothers were

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

born on this farm and lived there practically all their lives. October 30, 1905, the parents conveyed the farm to George and Edward Eberhart by warranty deed, subject to a life estate reserved to each of them. The father conducted the farm until he died, and after his death the mother operated the same until her death. The two boys stayed and worked on the farm with their parents, and after their death carried it on just as it had been operated before. About the time the mother died Edward Eberhart was married, and George was married about a year later. After George married, each family occupied separate portions of the house, and they lived separately and apart from each other. They operated the farm together, keeping no books, but each paying one-half of the expenses and taking one-half of the produce. Each owned a half interest in the farm, and an undivided one-half interest in the stock and the machinery, though owning some personal property separately. This is the way the farm was managed, and no regular settlements were ever made. They made deposits in the bank in their joint names; they drew checks likewise. In 1919 they went into the business of buying high-priced, registered hogs, and they sold them at auction sale. This hog business was conducted in the name of Eberhart Bros. In August, 1921, George and Edward Eberhart divided the personal property which they had on the farm, and Edward took his share with him to his father-in-law's farm at Good Thunder. This was 10 months prior to the commencement of the bankruptcy proceedings. Subsequent to that time the bankrupt has been an exclusive owner of all his personal property, has been in possession of the same, and has conducted the farm, together with his wife and two children, renting on shares the other undivided one-half of the farm from the administrators of Edward's estate, he having in the meantime demised.

There never was a specific agreement of partnership between George and his brother, Edward. There is considerable evidence on this question in the record, and statements that George had said they were in partnership, and the general impression in the community was that they were partners. The evidence was probably sufficient to show a partnership as to the personal property, but it clearly shows a division of the property and the ending of their general arrangement 10 months before the bankruptcy proceedings were begun. If the evidence is sufficient to show a partnership, it is apparent that said partnership terminated long before bankruptcy proceedings were instituted.

As to the land, we conclude that partnership therein did not exist. The land was not acquired for any partnership purpose. It was not purchased with partnership money. It was conveyed to the brothers before there was any claim of partnership made. They were tenants in common of the land.

Under the statutes of Minnesota, their homestead rights having attached to the 80 acres on which they lived, on their marriage the right vested in their wives, so that under the Minnesota statutes they could not sell or alienate the homestead without the written consent of the wife. Section 6961, General Statutes of Minnesota 1913. Of course, the situation would be different if the farm were a copartnership asset at the time of marriage; but we find no evidence whatever to sustain

the theory that it was. The mere fact that they may have operated as partners in the management and control of the farm does not make them partners in the ownership thereof. It is at best merely a circumstance bearing thereon.

[2] We are satisfied from the record that no partnership ever existed as to the ownership of the land, and whatever partnership may have existed as to personal property was ended long prior to the commencement of the bankruptcy proceedings. The finding of the trial court setting aside the exemptions was therefore correct. The decision was upon issues both of fact and law, and hence appeal is the proper remedy. The petition to revise is dismissed, and the order of the trial court appealed from is affirmed.