## NELLIE L. EBERHART v. NATIONAL CITIZENS BANK OF MANKATO.[1]

July 15, 1927.

No. 26,109.

**Under facts of case creditors cannot claim loss of homestead rights in farm operated by joint tenants.**

1. Two brothers lived on and operated jointly 80 acres of farm land which they had acquired as joint tenants by conveyance from their parents. Each of them had homestead rights therein. After a dissolution of the partnership, if any, and the death of one of the brothers, it cannot be claimed, on behalf of creditors of the partnership, that the farm had ceased to be a homestead because its use had been devoted to partnership purposes, the mere fact that the wife of the deceased partner had never joined in a conveyance of the land to the partnership or for its benefit being alone enough, under our statute (G. S. 1923, § 8340), to prevent that result.

**Finding sustained that decedent had not abandoned his homestead.**

2. Evidence on the issue as to whether before his death the deceased brother had abandoned the farm as a homestead considered not to permit a reversal of a finding against abandonment.

[1] Reported in 214 N. W. 793.

Homesteads, 29 C. J. p. 807 n. 78; p. 851 n. 21; p. 885 n. 49; p. 965 n. 44.

See note in 28 L. R. A. 105; 13 R. C. L. 574; 6 R. C. L. Supp. 767.

Defendant appealed from an order of the district court for Blue Earth county, Comstock, J., denying its motion for a new trial. Affirmed.

*H. L. & J. W. Schmitt* and *W. A. Doerr,* for appellant.

*Thomas Hughes, E. Raymond Hughes,* and *C. J. Laurisch,* for respondent.

STONE, J.

Appeal by National Citizens Bank of Mankato, a creditor of the estate of Edward Eberhart, deceased, from an order denying its motion for amended findings or a new trial, after a decision below reversing an order of the probate court which in effect refused to set aside a homestead as prayed for by Nellie L. Eberhart, the widow of the deceased.

The homestead is claimed in an undivided half of 80 acres of farm land. The cotenancy does not prevent the existence of homestead rights. Kaser v. Haas, 27 Minn. 406, 7 N. W. 824. See also Gilbert v. Case, 136 Minn. 257, 161 N. W. 515. The title at the time of his death was in Edward Eberhart and his brother George. In 1922 and after the death of Edward, bankruptcy proceedings were commenced against George. His creditors sought to reach his interest in the land because of a partnership supposed to have existed between himself and Edward. George's claim of homestead was sustained in Citizens L. & T. Co. v. Eberhart, 298 F. 291. Appellant, as a creditor of Edward, now seeks to accomplish what the creditors of George failed to accomplish. It claims not only that the farm had become partnership property but also that Edward had abandoned the place as his homestead. We consider these claims in their order.

1. The farm was acquired by the father of George and Edward something over 50 years ago. Both the boys contributed their labor,

after their age permitted, to its operation.  In 1905 their parents conveyed the land to them as cotenants, but subject to a life estate reserved to the grantors and the survivor of them.  After the father's death, the mother assumed the farm management.  When she passed away, her two sons continued the farming operations on their own behalf, if not as a partnership then as a joint adventure, each contributing his labor and being entitled to half the proceeds. Edward was the first to marry, but George followed his example about a year later.  After that marriage, each family occupied separate portions of the one farmhouse, but the two family establishments were kept separate.  Each owned not only a half interest in the farm, but a similar interest in stock, machinery, and produce. In a fashion characteristic of such arrangements between brothers, no formal settlements were made and there was but slight effort at accounting.  Bank deposits were made and checks drawn in their joint names.  They ventured into swine husbandry on quite an extensive scale, but with disastrous results.  That business was conducted in the name of Eberhart Brothers.

Briefly, that is the story upon which the argument of a partnership is predicated.  We agree with the circuit court of appeals of the eighth circuit that as to the land no partnership existed.  It "was not acquired for any partnership purpose.  It was not purchased with partnership money.  It was conveyed to the brothers before there was any claim of partnership made.  They were tenants in common."  It should not follow, it being so plain in the absence of a partnership that the homestead rights of each brother would have remained, that their devotion of the use of the farm to partnership purpose would deprive them and their families of the right to claim a homestead thereon.  But passing that, we have here the claim of a wife and her children; and in this state (by reason of statute, G. S. 1923, § 8340) any attempted conveyance of a homestead by the husband without his wife's joining therein in writing is void.  So, if Edward Eberhart had attempted formally to convey his interest in the land to the partnership or for its benefit, his wife not joining therein, his act would have been void.

It follows, we think, for that reason alone that creditors of the partnership cannot now claim the land as partnership property. (For a discussion generally of homestead rights in partnership property, see 13 R. C. L. 573, and 29 C. J. 850.) The argument predicated upon the supposed partnership also overlooks the fact that, in this state, so long as actual occupancy of a homestead continues, its use otherwise matters little. Bacon v. Mirau, 148 Minn. 268, 181 N. W. 579; Stauning v. Crookston Merc. Co. 134 Minn. 478, 159 N. W. 788; Lockey v. Lockey, 112 Minn. 512, 128 N. W. 833.

2. The claim that Edward Eberhart abandoned his homestead is based upon the fact that he moved from the farm in question to one owned by his father-in-law, Mr. Houk, some four miles distant. The evidence might well be held to support the claim of appellant in that respect, but there is so much contra that we cannot disturb the finding of no abandonment. No declaration of intention to retain the homestead was filed for record as permitted by G. S. 1923, § 8342. There is evidence indicating that Mr. Houk, the father-in-law, intended that his daughter and her husband, Edward, should come to his farm and make their home there. He began the erection of a second house possibly with that end in view. Edward excavated the cellar and for a time went there each day with his team. According to the testimony of Mrs. Eberhart, that operation was so inconvenient that the family—she and the children— moved over to the Houk place, she claims temporarily and to remain only so long as her husband was working there. A strong circumstance to the contrary is that there was a seeming division of personal property on the Eberhart farm, Edward taking his property to the Houk place. But there the evidence is not conclusive. The division of the property, if attempted, was not completed, and some of the personal effects and household goods of Edward and his family were not moved. Their rugs and pictures remained in place in the old home. Edward died suddenly, long before the new house on the Houk farm was ready for occupancy. In that state of the record, as already indicated, we are not at liberty to say that the

finding that the homestead had not been abandoned was so far without foundation that we can reverse on that ground.

The assignments of error are numerous. Clearly there was error in unduly restricting the cross-examination by appellant's counsel of certain adverse witnesses, notably Mrs. Eberhart and Mr. Houk. But for errors of that kind in a trial without a jury, prejudice cannot be presumed when it is as clear as it is here that the trial judge had all the controlling facts before him; and, there being evidence both ways, he has decided the issue. To hold otherwise would tend too much to prolong litigation and require second trials for technical rather than substantial reasons.

Order affirmed.

The Chief Justice took no part.