CARGILL, INC., Appellant,

v.

Sam HEDGE and Hedge Farm, Inc., Respondents,

Annette G. Hedge, intervenor, Respondent,

Don Stokke, Lyon County Sheriff, third-party defendant, Respondent.

No. C2–84–445.

Court of Appeals of Minnesota.

Dec. 4, 1984.

James R. Anderson, Marshall, for appellant.

Brian L. Boysen, Marshall, for Sam Hedge.

Cecil E. Naatz, Marshall, for Annette Hedge.

David W. Peterson, County Atty., Marshall, for Don Stokke.

Heard, considered and decided by FOLEY, P.J., and RANDALL and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

The trial court found that respondents were entitled to claim a homestead exemption on land which they assigned to their family farm corporation and the creditor, which sought execution on its judgment, appealed. We affirm.

## FACTS

Respondents Sam Hedge and Annette Hedge, husband and wife, purchased the 160 acres at issue here on a contract for deed in 1973, and since that time have farmed the land and used it as their home. The family farm corporation, respondent Hedge Farm, Inc., was formed, and respondents Sam Hedge and Annette Hedge assigned their purchaser's interest in the contract to Hedge Farm, Inc., in 1974. Annette Hedge is the sole shareholder in the family farm corporation.

Appellant Cargill commenced an action against respondents Sam Hedge and Annette Hedge to recover payment for goods and services purchased. It later amended the complaint to include Hedge Farm, Inc., as a defendant and to drop Annette Hedge as a defendant. It obtained judgment against Sam Hedge and Hedge Farm, Inc., execution was commenced, and a judgment sale was held on July 15, 1982. On July 6, 1983, the Hedges made a motion to void the sale and determine that they were entitled to claim eighty acres as homestead exempt from execution on the judgment. The trial court entered judgment that the Hedges were entitled to claim the homestead exemption and that the sale was void. Cargill appealed the judgment that the Hedges were entitled to the homestead exemption.

## ISSUE

Are respondents Sam Hedge and Annette Hedge, who farm and have a home on the property which they assigned to their family farm corporation, entitled to claim a homestead exemption from execution for eighty acres of that property?

## ANALYSIS

The Minnesota Constitution and related statutes provide protection for homes against the claims of creditors:

A reasonable amount of property shall be exempt from seizure or sale for the payment of any debt or liability. The amount of such exemption shall be determined by law.

Minn. Const. art. 1, § 12. Accordingly, Minn.Stat. § 510.01 (1982) provides:

The house owned and occupied by a debtor as his dwelling place, together with the land upon which it is situated * * * shall constitute the homestead of such debtor and his family, and be exempt from seizure or sale under legal process on account of any debt * * *.

The homestead may include 80 acres of land in a rural area. Minn.Stat. § 510.02 (1982). "Any interest in the land, whether legal or equitable" constitutes ownership. Minn.Stat. § 510.04 (1982).

The question before this court is thus whether the land is "owned" by Annette and Sam Hedge within the meaning of the statute. There is no claim that the Hedges did not sufficiently "occupy" the house.

■ Before the 1974 assignment of their interest in the land to their family farm corporation, the Hedges would have been entitled to claim a homestead exemption for their equitable interest as contract vendees. When a creditor attempts to foreclose a vendee's interest in his homestead, "an equitable owner of land * * * may properly claim and hold the same as a homestead." *Wilder v. Haughey*, 21 Minn. 101, 107 (1874).

We must determine here whether Annette Hedge's interest as sole shareholder in the family farm corporation, where the Hedges live on and farm the land owned by their family farm corporation, is a sufficient interest so that the Hedges can claim a homestead exemption.

■ The Minnesota Supreme Court favors a liberal construction of homestead interests. A tenant of years is entitled to the exemption when in possession during his tenancy. *In re Emerson*, 58 Minn. 450, 60 N.W. 23 (1894). An owner of an undivided interest in land occupied as a homestead is entitled to the homestead exemption. *Kaser v. Haas*, 27 Minn. 406, 7 N.W. 824 (1881). Where property is occupied under circumstances that entitle the occupant to assert a claim of homestead, the fact that the land is subsequently devoted to partnership use does not destroy the homestead right. *Eberhart v. National Citizens Bank of Mankato*, 172 Minn. 200, 214 N.W. 793 (1927). An owner of a remainder in fee subject to a life estate is entitled to an exemption, where he is in possession of the house under an oral agreement. *Denzer v. Prendergast*, 267 Minn. 212, 126 N.W.2d 440 (1964).

The court has stated that "as a general rule, * * * the less the estate and interest, the more important its preservation to the claimant and his family, and the greater the necessity for surrounding it with the

defences of the statute." *Wilder v. Haughey*, 21 Minn. at 107.

■ Annette Hedge, as the sole shareholder in the corporation, has an equitable interest in the property. *See* 11 W. Fletcher, Cyclopedia of the Law of Private Corporations § 5083 (1971). This is an interest which, along with the fact that Sam Hedge and Annette Hedge occupy and farm the land, is sufficient to constitute ownership under Minn.Stat. § 510.04. This conclusion coincides with precedent in Minnesota for a "reverse pierce" of the corporate veil, where "the corporate shareholder and the corporate entity shall be one and the same." *Roepke v. Western Nat. Mut. Ins. Co.*, 302 N.W.2d 350, 352 (Minn.1981). As in *Roepke*, there is a concentration of ownership and control in family members, and it is the family members who would be directly and adversely affected by failure to provide the homestead exemption.

The family farm corporation statute under which Hedge Farm, Inc., was incorporated also supports this holding:

The legislature finds that it is in the interests of the state to encourage and protect the family farm as a basic economic unit, to insure it as the most socially desirable mode of agricultural production, and to enhance and promote the stability and well-being of rural society in Minnesota and the nuclear family.

Minn.Stat. § 500.24, subd. 1 (1982). Without such a holding, the use of the family farm corporation would be greatly discouraged, defeating the intent of the legislature in enacting the family farm corporation statute.

Cargill contends that the homestead exemption should operate for the use of the individual, not the corporation, and that if this court allows the homestead exemption here, the door is opened for its use by all corporations. The homestead exemption is being applied for the benefit of the individuals in this case, Annette Hedge and Sam Hedge. The holding does not deal with corporations of different kinds, or in different circumstances.

Before a homestead exemption is granted, the debtor must "own and occupy" a home upon the land. The test to be used in close cases to determine whether a house is "owned and occupied" by the debtor is:

> whether the ownership and occupancy affords a community connection of such significance as to give reason to believe that the preservation of that connection will in the long run make the debtor and his family better able to fulfill their social obligation to be self sustaining.

*Denzer,* 267 Minn. at 218, 126 N.W.2d at 444.

While the Hedges have such a community connection, and preservation of that connection will allow the family to fulfill their obligation to be self sustaining, it is unlikely most corporations can make that showing. The Hedges have used the farm as their home and base of operations for more than ten years. They are resisting financial hardship and are planning for the future to pay their indebtedness and provide a place where their son can develop his farming skills.

Appellant also argues that if a corporation is allowed to claim a homestead exemption, creditors who have dealt with that corporation assuming that no homestead exemption exists will be adversely affected. We need not determine the rights of such a creditor because that fact situation does not exist here; appellant apparently was not aware that it was dealing with a corporation rather than an individual until after its lawsuit was commenced.

We note recognition by the supreme court that the grant of an exemption may result in the defeat or deferral of just claims of a particular creditor, even though the homestead exemption does not relieve debtors from their "moral and legal obligation" to pay what they owe. *Denzer,* 267 Minn. at 216, 126 N.W.2d at 443. In *Denzer,* the court stated:

> [E]xperience has taught that in the long run obligations are more likely to be fulfilled by those whose connections with the community are stabilized by a protected interest in a relatively permanent place of abode than by those not so anchored. * * * [R]eview of our decisions, with special attention directed to the more recent ones, shows that the policy of giving the debtor "sanctuary" from just claims in his "homestead" has prevailed with significant uniformity.

*Id.*

### DECISION

The trial court correctly concluded that respondents are entitled to claim a homestead exemption for property which they assigned to their family farm corporation.

Affirmed.