In the Matter of Michael Wayne JOHNSON, and Mary Sue Johnson, Debtors.

Michael Wayne JOHNSON, and Mary Sue Johnson, Movants,

v.

FARMERS HOME ADMINISTRATION, Respondent.

Bankruptcy No. 85–00668–SJ.

United States Bankruptcy Court, W.D. Missouri, St. Joseph Division.

July 25, 1985.

Hugh A. Miner, St. Joseph, Mo., for debtor/movant.

Edward H. Funston, Kansas City, Mo., for respondent.

Arthur B. Federman, Kansas City, Mo., trustee.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND FINAL ORDER GRANTING MOVANTS' MOTION FOR LIEN AVOIDANCE

DENNIS J. STEWART, Bankruptcy Judge.

The movants seek lien avoidance, pursuant to § 522(f)(2) of the Bankruptcy Code, of the following described items of property:

> "Tools of the trade, specifically one IHC truck; one IHC baler; one IHC haybine (one-half interest); one rake (one-half interest); and miscellaneous tools."

The merits of the motion came on before the bankruptcy court for hearing on May 17, 1985, in St. Joseph, Missouri. The movants then appeared by Hugh A. Miner, Esquire, their counsel, and the respondent Farmers Home Administration appeared by Judith Strong, Esquire, Assistant United States Attorney. The movants then adduced evidence to the effect that the debtor Michael Wayne Johnson was engaged in farming; that the debtor Mary Sue Johnson aided him in his farming pursuits, although she was much less extensively involved, because of her other pursuits, than is the debtor himself;[1] and that the farm

---

1. The evidence tended to show that the principal employment of Mary Sue Johnson was elsewhere; that she worked for the Green Hills federal head start program from 9:00 a.m. to 5:00 p.m. on weekdays; that she otherwise worked "all the time" in connection with the debtors' farming operations; that she helps care for the cattle; that her salary from the head

machinery and equipment as to which lien avoidance is sought has a cumulative value of less than the $4,000 exemption which would be allowed to the debtors under the Missouri exemption statutes.[2] The evidence offered by the Government tended to show that the value of the subject property exceeded the $2,000 which would be allowable if only one of the debtors could be properly considered as a farmer.[3] It was accordingly the Government's contention that the debtor Mary Sue Johnson is not a farmer and counsel for the Government accordingly proposed to brief the issue concerning her status as a farmer *vel non* in a brief which was to be submitted subsequent to the trial. The court accordingly allowed the government a 10-day period in which to submit such a brief. No brief, however, was submitted on the issue of Mrs. Johnson's status as a farmer *vel non*. In the absence of any law cited to the contrary, therefore, this court elects to follow its own prior decision in *Matter of Lipe*, 36 B.R. 597, 599 (Bkrtcy.W.D.Mo. 1983), to the effect that a farming avocation which yields some income may warrant its pursuer's classification as a farmer for purposes of the lien avoidance statute. "The standard definitional sources define 'trade' so as to include not only that which results in a subsistence, but also that which may be plied for profit." That decision has been followed in some other decisions recently handed down by higher courts.[4] It is accordingly concluded that Mrs. Johnson is a farmer within the meaning of the Missouri exemption statute; that the debtors accordingly have a cumulative $4,000 tools-of-the-trade exemption under that statute; and that the within motion for lien avoidance should accordingly be granted.[5] It is therefore

---

start job goes into farming operations; that she pays all the utilities on the farm; and that she makes the payments on farm vehicles and pays the insurance on them.

2. The relevant exemption statute, § 513.430(4) RSMo. provides as follows:

"The following property shall be exempt from attachment and execution to the extent of any person's interest therein ... Any implements, professional books or tools of the trade of such person or the trade of a dependent of such person not to exceed two thousand dollars in value in the aggregate."

Michael W. Johnson testified to the following values:

| | |
|---|---|
| International truck (FHA no interest) | $1,750 |
| hay baler | 750 |
| haybine (½ owned by father) | 500 |
| rake (½ owned by father) | 50 |
| miscellaneous tools | 50 |
| TOTAL | $3,100 |

3. James L. Cox, the government witness, testified to the following values:

| | |
|---|---|
| International Harvester large round baler | $1,500 |
| rake | 250 |
| haybine | 1,000 |
| TOTAL | $2,750 |

4. See *Flick v. United States through Farmers Home Administration*, 47 B.R. 440, 443 (W.D.Pa. 1985).

5. The posttrial brief submitted by the respondent urges the contention that the debtors must have an equity in the chattels before lien avoidance is proper. This court's former decision in

*Matter of Miller*, 8 B.R. 43 (Bkrtcy.W.D.Mo. 1980), and *Matter of Donaldson*, 7 B.R. 559 (Bkrtcy.W.D.Mo.1980), are cited in support of that contention. Those holdings were eclipsed, however, by the decision of the district court to the contrary in *In re Lovett*, 11 B.R. 123 (W.D. Mo.1981). Recently, this court has noted that a flurry of federal appellate decisions have required the existence of an equity as a prerequisite to lien avoidance. See *Matter of Conkling*, In proceedings under title 11 of the United States Code, 54 B.R. 972 (Bkrtcy.W.D.Mo.1985), to the following effect:

" 'The Georgia exemption statute provides in relevant part that: "[A]ny debtor ... may exempt ... for the purposes of bankruptcy ... The debtor's interest, not to exceed $200 in value in any particular item, in household furnishings, household goods, wearing apparel, appliances ... that are held for the personal, family or household use of the debtor or a dependent of the debtor. The exemption of the debtor's interest in the items contained in this subsection shall not exceed $3500 in total value." ... The legislature ... ha[s] specifically [thus] declined to exempt household goods to the extent that they are encumbered by a lien. The Georgia statute refers only to the "debtor's interest" in property ...' *In re Pine*, 717 F.2d 281, 283 (6th Cir.1983). 'Section 522(f) is not available if an individual state says a debtor is not entitled to a particular exemption.' *Matter of McManus*, 681 F.2d 353, 357 (5th Cir.1982). Cf. the Missouri exemption statute, note 1, *supra*, exempting only 'any person's interest.' See also *In re Fitzgerald*, 729 F.2d 306 (4th Cir.1984), and there is

ORDERED that debtors' motion for lien avoidance be, and it is hereby, granted.

also a generally unreported Third Circuit decision which holds that any lien avoidance must be restricted to the equity interest. And see *In re Washington,* 41 B.R. 211, 217 (Bkrtcy.E.D. Va.1984) ('It is clear that an equity must exist over unavoidable liens before the debtors can seek application of the avoiding provisions of section 522(f).'). Cf. *Matter of Lipe,* 36 B.R. 597 (Bkrtcy.W.D.Mo.1984)."

See also and compare *Simonson v. First Bank of Greater Pittston,* 758 F.2d 103, 1985 CCH Bankruptcy Law Reporter para. 70,336 (3d Cir.1985) ("We think ... that 'an interest of the debtor in property' was intended to mean an interest of the debtor measured by taking into account those interests of other parties which may not be avoided under section 522(f)."), and *In re Maddox,* 713 F.2d 1526 (11th Cir.1983); *In re Moyer,* 39 B.R. 211 (Bkrtcy.N.D.Ga.1984), affirmed without opinion, 746 F.2d 814 (11th Cir. 1984), cert. denied, — U.S. —, 105 S.Ct. 2113, 85 L.Ed.2d 478 (1985).