**In re Lenard John SCHMITT and Mary Ann Schmitt, d/b/a Schmitt Partnership, and E & L Backhoe Service, Debtors.**

**and**

**Edward John Schmitt and Sandra Lee Schmitt, d/b/a Schmitt Partnership, E & L Backhoe Service, and Flair Accents, Debtors.**

**Bankruptcy Nos. 85–01230S, 85–01231S.**

United States Bankruptcy Court, N.D. Iowa.

Jan. 21, 1986.

Lon R. Tullar, Sac City, Iowa, for debtors.

David L. Davitt, Adams, Howe & Zoss, P.C., Des Moines, Iowa, for Federal Deposit Ins. Corp.

ORDER DENYING OBJECTION TO EXEMPTIONS AND AVOIDING LIENS.

MARGARET A. MAHONEY, Bankruptcy Judge, Sitting by Designation.

The above-entitled matters came on for hearing before the undersigned Judge on

December 31, 1985, upon the motion of Federal Deposit Insurance Corporation ("FDIC") for relief from the automatic stay imposed by 11 U.S.C. § 362 and as the successors in the interest to the Early Savings Bank,[1] which had objected to the Debtors' claim of exemptions pursuant to 11 U.S.C. § 522(b)(1) and Iowa Code § 627.10.

This Court has jurisdiction over and the power to hear and finally determine all issues arising hereunder pursuant to 28 U.S.C. §§ 1334 and 157, and the July 27, 1984, Order of Reference from the United States District Court for the District of Minnesota. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

## FACTS

The Debtors Lenard & Mary Schmitt filed a voluntary petition under chapter 7 of the Bankruptcy Code on June 3, 1985. Debtors Edward & Sandra Schmitt also filed a bankruptcy petition under chapter 7 on June 3, 1985. Edward Schmitt has been farming since 1960. When his brother Lenard graduated from high school, Edward and their mother needed help with their farming operations and so in 1971 Lenard and Edward formed a partnership. There was never any written partnership agreement between the brothers. This partnership arrangement continued until 1981 when the two brothers severed their partnership. Edward and Lenard informed a major creditor, Early Savings Bank, of their intentions to end the partnership. Early Savings Bank helped them to divide the equipment, some of which they continue to own jointly, and split up the notes owed by the Debtors. Each Debtor supplied the Bank with a separate financing statement. From that time on Edward and Lenard have farmed separately while jointly farming the property owned by their mother. Each Debtor keeps the money he has made from his separate farming, while splitting the profits made from their joint farming of their mother's property.

At the time of the partnership breakup, the Debtors had a loan from the Farmers Home Administration with a 3 percent rate of interest. The Debtors attempted to split this obligation but they were informed by the FmHA that if the loan was split the interest rate would drastically increase to about 13 percent. Although the FmHA knew that Edward and Lenard were no longer partners, the note was not split up since that would cause the interest rate to soar.

Even though Lenard and Edward had dissolved their partnership, their accountant continued to complete, and the brothers continued to file, partnership tax returns. The Debtors do not know why they filed partnership returns. They simply signed the forms provided by their accountant.

Each brother is joined by his wife in operating his respective farm. Lenard's wife Mary does the bookkeeping, helps with the harvesting, spraying, and tilling. She helps care for the livestock and helps with the upkeep of the buildings. She runs errands and helps keep the farm operation going smoothly. Lenard indicated that he would have to hire someone to do these chores if his wife did not do them. Edward's wife Sandra also does bookkeeping as well as helping till, plow, disc, haul the crops and care for the livestock.

## DISCUSSION

The FDIC objects to the exemptions claimed by the Debtors on two grounds. First, FDIC claims that the machinery and equipment claimed exempt by the Schmitts is partnership property not that of the individuals. Since 11 U.S.C. § 522(b) only provides exemptions for individuals, FDIC claims that this property cannot be claimed as exempt. The second grounds for objection by the FDIC is that Mary and Sandra Schmitt cannot claim farm machinery as exempt since they are not farmers.

 I find that the Schmitt partnership was dissolved in 1981 and the property owned by that partnership split between the individuals. Since this property is

**1.** The Early Savings Bank was closed and the FDIC has taken over the loans of the Schmitts.

**710**

property of the individuals, even though in some cases jointly owned, it is exemptable under 11 U.S.C. § 522 and Iowa Code § 627. Further, I agree with the decision *Johnson v. Farmers Home Administration,* (*In the Matter of Johnson,* ), 54 B.R. 976 (Bktcy.W.D.Mo.1985) which found that for the purpose of lien avoidance upon exemptions, a farmer's wife is a farmer.

Although there was never a formal partnership agreement, it is clear that prior to 1981 the Schmitt brothers were partners in their farming operation. Just as clearly the evidence establishes that this partnership was dissolved in 1981. The brothers split up the partnership property between themselves and from that time on have not been partners.

Iowa Code § 544.6 defines a partnership as:

"1. A partnership is an association of two or more persons to carry on as co-owners a business for profit."

Iowa Code § 544.7 lists rules for determining the existence of a partnership:

"In determining whether a partnership exists, these rules shall apply:

1. Except as provided by § 544.16, persons who are not partners as to each other are not partners as to third persons.

2. Joint tenancy, tenancy in common, tenancy by the entireties, joint property, common property, or part ownership does not of itself establish a partnership, whether such co-owners do or do not share any profit made by the use of the property.

3. The sharing of gross returns does not of itself establish a partnership, whether or not the persons sharing them have a joint or common right or interest in any property from which the returns are derived...."

While the Debtors admit, and their schedules show, that some property was jointly owned, this does not establish a partnership. Rather, it is their intent to carry on a business for profit as co-owners that will

control. *See generally,* 60 Am.Jur.2d Partnership § 92.

In 1981 the Debtors clearly intended to dissolve any partnership relationship. Although they have continued to help each other since then, and they are co-owners in some of the machinery and equipment, they did not intend to carry on business as co-owners nor form a legal relationship. Any testimony given by the Debtors that would imply such an intent was clearly given without understanding of the legal implication or requirements. When the Debtors split up the note at the Early Savings Bank and divided the property, their clear intent was to end the partnership. The FmHA loan was not divided due to the adverse effect it would have on the interest rate of that note. Although the Debtors had informed FmHA of the termination of the partnership, they were not required to rewrite the note. Rather this became a joint obligation.

The only case found on this issue has a remarkably similar fact pattern. The *Citizens' Loan & Trust Company of Mankato v. Eberhart,* 298 F. 291 (8th Cir.1924) involved two brothers who had farmed together for many years. Their parents had conveyed to them jointly the farm reserving a life estate. Each brother had married and their families occupied separate portions of the house. The brothers operated the farm together, keeping no books and having no formal partnership agreement, each paying half of the expenses and taking half of the produce. In August of 1921, the two brothers divided the personal property which they had on the farm and one of the brothers moved to his father-in-law's farm. Approximately 10 months later, one of the brothers, George Eberhart, was adjudged a bankrupt. The trustee made the same claim in that case as the FDIC is claiming here, namely that the debtor was not entitled to any exemptions since it was a partnership bankruptcy. In *Eberhart,* the Court found

"The evidence was probably sufficient to show a partnership as to the personal property, but it clearly shows a division

of the property and the ending of their general arrangement ten months before the bankruptcy proceedings were begun. If the evidence is sufficient to show a partnership, it is apparent that said partnership terminated long before bankruptcy proceedings were instituted." 298 F. at 292.

As clear as it was to the Court in *Eberhart,* it is equally apparent here that the evidence sustains a finding of a partnership prior to 1981, but it was clearly dissolved in 1981.

The most damaging piece of evidence to the Debtors is their filing of partnership tax returns subsequent to the partnership. Although the FDIC would like to argue this would establish their intent to hold themselves out as a partnership, I think it is more properly characterized as ignorance. The Debtors indicated that all tax returns were prepared by an accountant. There was no intent to hold themselves out as a partnership nor any knowledge of the exact nature of their tax returns. The tax consequences to the Debtors of having to amend those returns is not of consequence here.

Since the Debtors had dissolved the Schmitt partnership in 1981 and had divided the partnership property, they may claim their individual exemptions.

The FDIC objects to the exemptions claimed by Mary and Sandra Schmitt and would like this Court to find that a farmer's wife is not a farmer for the purpose of exemptions.

The argument that a farmer's wife is not a farmer since she does not draw a salary is not valid. As the Findings of Fact indicate, both wives worked on the farm and were essential to its operation. As found in *Johnson, supra,* a farmer's wife is a farmer for the purposes of claiming exemptions.

IT IS ORDERED that the objections to exemptions by the FDIC are hereby denied. The Debtor's motion for lien avoidance pursuant to 11 U.S.C. § 522(f) is hereby granted.