PER CURIAM.
 

 Kenneth Kasden filed for protection under Chapter 7 of the Bankruptcy Code in August 1994, and identified property located in Edi-na, Minnesota as exempt homestead property. Steiner and Saffer, which is a judgment creditor of Kasden, filed an objection to his claimed homestead exemption,
 
 [1]
 
 arguing that Kasden had lost his homestead exemption to the property when he ceased to occupy it for more than six months without filing notice as required by Minnesota Statute § 510.07. Kasden has not resided on the property since it was damaged extensively by fire in November 1993 and has not filed a homestead notice with the county recorder.
 

 The bankruptcy court denied the objection of Steiner and Saffer on two grounds: that a person forced from homestead property due to casualty has not ceased to occupy it within the meaning of the statute, and that Kasden physically occupied the property, albeit not as a residence. The district court
 
 [2]
 
 reversed and remanded on the basis that Minnesota law does not recognize a casualty exception to statutory abandonment,
 
 Joy v. Cooperative Oil Ass’n,
 
 360 N.W.2d 363, 366 (Minn.Ct.App.1984) (en banc),
 
 review denied
 
 (Minn. March 6, 1985) (owner absent from property more than six months due to destruction of premises by fire lost homestead exemption when he failed to file notice), and requires that a property owner occupy the property as a residence to maintain a homestead exemption.
 

 After careful review of the record before us and the arguments raised, we conclude the district court correctly resolved the issues. The order is affirmed.
 
 See
 
 8th Cir.R. 47B.
 

 [1]
 

 . The bankruptcy trustee also filed an objection to the claimed exemption, but is not a party to this appeal.
 

 [2]
 

 . The Honorable Donald D. Alsop, United States District Judge for the District of Minnesota.