**In re Anne Christine SMOINIKAR, Debtor.**

**Bankruptcy No. 5–96–0437.**

United States Bankruptcy Court, D. Minnesota.

Oct. 3, 1996.

Paul J. Sandelin, Gammello & Sandelin, P.A., Pequot Lakes, MN, for trustee.

1. The trustee's objection also was sustained as to the debtor's VCR, camera, state and federal tax refunds, and funds on deposit in bank accounts

Clayton D. Halunen, Talarico & Halunen, Ltd., Duluth, MN, for defendant.

### ORDER DENYING MOTION FOR RECONSIDERATION

ROBERT J. KRESSEL, Bankruptcy Judge.

This case came on for hearing on the debtor's motion for reconsideration. .Clayton D. Halunen appeared for the debtor and Paul J. Sandelin, the trustee, appeared *in propria persona.*

This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334, and Local Rule 201. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B).

### BACKGROUND

The debtor filed a Chapter 7 petition on May 13, 1996. In Schedule C she claimed a duplex as exempt under Minn.Stat. § 510.01. The trustee objected to this exemption, contending that the duplex was rental property which had never been occupied by the debtor on or before the date of filing. The debtor failed to file a response. Accordingly, the trustee's objection was sustained by default on August 26, 1996, and the exemption disallowed.[1] Following the entry of the order, the debtor filed this "motion for reconsideration."

### DISCUSSION

■ The Federal Rules of Civil Procedure do not provide for a "Motion for Reconsideration." *See Needham v. White Lab., Inc.,* 454 U.S. 927, 930 n. 1, 102 S.Ct. 427, 429 n. 1, 70 L.Ed.2d 237 (1981) ("Such a motion is not recognized by any of the Federal Rules of Civil Procedure."); *Sanders v. Clemco Indus.,* 862 F.2d 161, 170 (8th Cir.1988) ("The Federal Rules of Civil Procedure do not provide for such a motion.").

A movant who files a motion for reconsideration "leaves the characterization of the motion to the court's somewhat unenlightened guess. . . ." *Id.* at 168. Federal courts

on the date of the filing, but the debtor apparently has not objected to that portion of the August 26 order.

confronted with such motions typically recast the request for relief to comport with the Federal Rules of Civil Procedure. "Such motions typically have been characterized as motions under Fed.R.Civ.P. 59[2] or 60,[3] the precise categorization depending to some extent on the substance of the motion." *Spinar v. South Dakota Bd. of Regents,* 796 F.2d 1060, 1062 (8th Cir.1986).[4]

In the present case, since the debtor premised her motion on her failure to file a response because of her attorney's mistake, I have elected to treat the motion as a motion for relief due to excusable neglect.[5] F.R.Civ.P. 60(b)(1). Rule 60(b) "provides for extraordinary relief which may be granted only upon a showing of exceptional circumstances." *United States v. Young,* 806 F.2d 805, 806 (8th Cir.1986). Under the Rule, a court "may relieve a party or a party's legal representative from a final judgment, order, or proceeding for ... mistake, inadvertence, surprise, or excusable neglect." F.R.Civ.P. 60(b)(1).

### Excusable Neglect

In *Pioneer Inv. Servs. v. Brunswick Assocs.,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the Supreme Court enunciated a flexible standard for excusable neglect. Under the Court's analysis, excusable neglect encompasses both "simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* at 388, 113 S.Ct. at 1495. In addition, the Court promulgated four factors which courts should apply when deciding whether the movant's actions constitute excusable neglect, including "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395, 113 S.Ct. at 1498.

In the present case, the debtor failed to file a response to the trustee's motion simply because her attorney misunderstood his procedural responsibilities. This "oversight" certainly satisfies the *Pioneer* standard for careless omissions. Furthermore, applying the *Pioneer* factors, I find that the trustee will not be prejudiced if I grant the motion, the delay and impact on judicial proceedings will be negligible, and the movant's actions, though hardly laudable, comport with good faith. Therefore, I conclude that the movant's failure to file a response constitutes excusable neglect under *Pioneer.*

### Meritorious Defense

A party requesting a court to set aside a default judgment under F.R.Civ.P. 60(b)(1) must show more than excusable neglect. "In applying Rule 60(b) in the context of default judgments, courts have gone beyond the bare wording of the rule and established certain criteria which should be considered in deciding whether the designated standards have been satisfied." *Davis v. Musler,* 713 F.2d 907, 915 (2d Cir.1983).

In the Eighth Circuit, once a movant has demonstrated excusable neglect under F.R.Civ.P. 60(b)(1), she must also establish a *meritorious defense. See Assmann v. Fleming,* 159 F.2d 332, 336 (8th Cir.1947) ("It must also be made to appear where the application is made by a defendant that he has a meritorious defense...."); *Marshall v. Boyd,* 658 F.2d 552, 555 (8th Cir.1981) (holding that several factors militated against a default judgment, including "appellants' showing of a potentially meritorious defense...."); *Hoover v. Valley West D M,* 823 F.2d 227, 230 (8th Cir.1987) (affirming district court's grant of Rule 60(b) motion where movant alleged "several meritorious defenses...."); *U.S. v. 50th Street South,* 5 F.3d 1137, 1138 (8th Cir.1993) (holding that district court did not abuse its discretion when

---

**2.** Rule 9023 of the Federal Rules of Bankruptcy Procedure provides that "Rule 59 F.R.Civ.P. applies in cases under the Code...."

**3.** Rule 9024 of the Federal Rules of Bankruptcy Procedure provides that "Rule 60 F.R.Civ.P. applies in cases under the Code...."

**4.** Courts may also characterize such motions as motions under F.R.Civ.P. 52.

**5.** Even if I were to construe the debtor's motion as a Rule 59(e) motion, my decision on the merits would remain the same.

it denied a Rule 60(b) motion where movant failed to raise a meritorious defense).

While the debtor has made a showing of excusable neglect, for the following reasons, I find that she has failed to demonstrate a defense on the merits.[6]

### Homestead Exemption

▇ When determining which property is exempt from the bankruptcy estate, courts examine the circumstances prevailing at the time the bankruptcy petition was filed. "The status as to exemptions is fixed as of the filing of the petition in bankruptcy." *Bruce v. Najarian*, 249 Minn. 99, 81 N.W.2d 282, 297 (1957).

The Bankruptcy Code identifies the date of filing as dispositive. Section 522(b)(2)(A) allows debtors to exempt from the bankruptcy estate any property which is exempt under "state or local law that is applicable on the date of the filing." 11 U.S.C. § 522(b)(2)(A). *See also* 11 U.S.C. § 541 (property of estate determined at time case is filed). Therefore, I must look to the circumstances prevailing at the time the debtor filed her bankruptcy petition to determine whether she can establish a homestead exemption.

Since the debtor has elected the non-bankruptcy exemptions permitted under § 522(b)(2)(A), the resolution of the homestead issue is governed by state law. In Minnesota, debtors have enjoyed a long-standing tradition of homestead protections rooted in the state constitution. Article 1, Section 12 of the Minnesota Constitution provides that "a reasonable amount of property shall be exempt from seizure or sale for the payment of any debt or liability." Furthermore, Minn.Stat. § 510.01 provides that "[t]he house owned and occupied by a debtor as the debtor's dwelling place, together with the land upon which it is situated ... shall constitute the homestead of such debtor and the debtor's family, and be exempt from sei-

zure or sale under legal process on account of any debt.... "

[9] To effectuate the legislative intent behind § 510.01, courts construe the homestead exemption broadly. *See Cargill, Inc. v. Hedge*, 358 N.W.2d 490, 492 (Minn.Ct.App. 1984) ("The Minnesota Supreme Court favors a liberal construction of homestead interests."); *Vickery v. First Bank of LaCrosse*, 368 N.W.2d 758, 762 (Minn.Ct.App.1985) (holding that homestead laws are to be liberally construed); *Baer v. Huesman*, 381 N.W.2d 73, 76 (Minn.Ct.App.1986) ("That portion of section 510.01 defining a homestead has been liberally construed and its exceptions narrowly defined."). Tracking the language of § 510.01, the debtor must establish both ownership and occupancy of the property.

### Ownership

▇ To claim the protection of the homestead exemption, the debtor must first demonstrate that she owned the property at the time of filing. Courts traditionally have construed the ownership requirement broadly. For example, in *Denzer v. Prendergast*, 267 Minn. 212, 126 N.W.2d 440, 442 (1964), the court held that the owner of a remainder in fee subject to a life estate was entitled to claim the statutory exemption. *See Cargill, Inc. v. Hedge*, 358 N.W.2d 490, 492 (Minn.Ct. App.1984) (debtor who assigned interest to family farm corporation "owned" property for purposes of homestead exemption).

In the present case, the debtor was awarded the property pursuant to a dissolution judgment and decree. However, at the time of filing, the debtor was unable to perfect her ownership interest by recording a deed.[7] Under Minn.Stat. § 510.04, "any interest in land, *whether legal or equitable*, shall constitute ownership" (emphasis added). *See Baer v. Huesman*, 381 N.W.2d 73, 76 (Minn.Ct. App.1986) ("Any interest in land, whether legal or equitable, is "ownership" for purposes of a homestead exemption."). Therefore, even if the debtor lacked a legal interest

---

6. Stated another way, since the debtor has not demonstrated that she can successfully establish her exemption claim, it would be futile to vacate the August 26 order only to disallow the exemption at a later date.

7. The record is scant. However, for purposes of this motion, I have accepted the attorney's statements as fact. According to statements made by the debtor's attorney at the hearing on this motion, the debtor was unable to record a deed because her ex-husband refused to give her one.

in the property, I find that she possessed at least an equitable interest which satisfies the ownership requirements of Minn.Stat. § 510.04.

### Occupancy

■ Minnesota courts recognize a flexible construct known as "actual occupancy." "Actual occupancy, as distinguished from mere possession ... is the prominent idea associated with the word "homestead." Of course, the term "actual occupancy" must receive a reasonable construction, and is not to be understood as requiring constant physical presence, so as to make a man's residence his prison...." *Clark v. Dewey*, 71 Minn. 108, 73 N.W. 639, 639–40 (1898).[8]

The majority of reported cases addressing the homestead exemption involve "interruptions" in occupancy by which the debtor, temporarily displaced from the homestead through casualty, imprisonment or otherwise, is prevented from continuing occupancy. In these circumstances, the courts must decide whether the debtor's temporary absence constitutes abandonment under Minn.Stat. § 510.07. The decisions in such cases presuppose some period of occupancy.

This case presents a different situation. At the time the debtor filed her bankruptcy petition on May 13, 1996, she was residing at 5714 Wadena Street in Duluth.[9] After the case was filed, the debtor and her daughter moved into the duplex and have resided there since.[10] Since the debtor had never resided at the duplex before filing, I find that she has failed to satisfy the requirement of actual occupancy.

Finally, the debtor contends that her *intent* to occupy the property in the future satisfies the statutory requirement for actual occupancy. Although courts frequently look to intent in cases addressing the homestead exemption, mere intent is not enough. *See Muscala v. Wirtjes*, 310 N.W.2d 696, 698 (Minn.1981) (holding that homestead exemption was lost when debtor, absent from home for more than six months, failed to file requisite notice with county recorder, regardless of contrary intent). While a number of Minnesota cases allow a debtor to *retain* a homestead exemption by proving continued intent to occupy the property as a homestead, no Minnesota case has allowed a debtor to *establish* a homestead merely by intent. Therefore, I find the debtor's mere intent to occupy the duplex, without more, insufficient to support a finding of actual occupancy.

### CONCLUSION

Since the debtor has failed to establish a meritorious defense, IT IS ORDERED:

The debtor's motion for reconsideration is denied.

---

8. At the same time, the debtor is not at liberty to abandon the homestead and still enjoy the benefits of the exemption statute. Under Minn.Stat. Ann. § 510.07, a prolonged absence may work a forfeiture of the debtor's homestead exemption. *See Steiner and Saffer v. Kasden (In re Kasden)*, 84 F.3d 1104 (8th Cir.1996).

9. The address of the claimed exempt property is 2814 West Second Street, Duluth, Minnesota.

10. The debtor claims her occupancy was delayed because she had to provide the tenants with a sixty day notice of eviction. The property is probably now her homestead. The result for the debtor is sad to say the least. It is the result of unfortunate timing. If the debtor had waited to file until after she had moved into the duplex, it would clearly have been exempt.