HERMAN BISBEE *vs.* LOUIS E. TORINUS & others.

April 25, 1876.

**Tax Deed of Land in Wisconsin—Validity of Proceedings must be Proved.**—Where the consideration of a note was a permit to cut timber on lands in Wisconsin, upon an answer alleging a failure of consideration, by reason that, at the time of giving the permit, the lands had been sold for taxes and bid in by the county, and that the statutes of Wisconsin prohibit the cutting of timber on land so sold while the certificate of sale is held by the county, the introduction merely of the tax deed and certificate of tax sale does not establish the defence; but the levy of the taxes, and the other acts to be done before a tax sale can be had under the laws of Wisconsin, must also be proved.

Action on a promissory note. Defence, that the note in suit and certain other notes were given in consideration of a permit from plaintiff and others to cut pine timber on lands in Douglas county, Wisconsin, represented as belonging to plaintiff and the other parties granting the permit, but that a large part of such lands did not then belong to the plaintiff or the other grantors, and that since the giving of the permit they have neglected to pay the taxes on such of the lands as they did own, and the same have been sold for taxes, and an absolute deed given to the purchaser, etc., by reason whereof defendants have been wholly deprived of such pine timber, and the note was, and is, wholly without consideration. Trial in the district court for Washington county, before *Crosby*, J., a jury being waived. No fraud on the part of plaintiff or any one acting in his behalf was charged or proved. Defendants introduced in evidence, under objection and exception by plaintiff, the laws of Wis-

consin relating to taxes, tax sales, etc. They also, under like objection and exception, introduced in evidence certificates of tax sales and a tax deed of a portion of the lands in question to one Chalmers, but did not prove any of the proceedings on which the certificates and deed were based. Upon the findings of the court judgment was entered for defendants, and plaintiff appealed.

*Batchelder & Buckham*, for appellant.

*Wm. M. McCluer*, for respondents.

GILFILLAN, C. J. The court below having found that the consideration for the note in suit was the attempted transfer of the right to cut the standing timber not previously paid for, and as such finding is supported by the evidence, it only remains to consider whether the consideration failed by reason of the inability of the plaintiff and his associates to transfer to defendants the right stipulated for. As to the timber standing on the lands in section 16, the finding of the court that they had no title to or right to convey it is also sustained by the evidence. As to the other lands, if we assume that the tax deed and certificates of sale were, under the act of 1867, admissible without proof of their execution—and it is not clear that they were—still they prove only the fact of a sale, and, to give them any effect upon the title of the owner of the lands, it is necessary that the authority of the person executing them to make the sale should be shown. The levy of the taxes, and the other acts to be done before a tax sale can be had under the laws of Wisconsin, must be proved to show authority in the officer to sell and to give effect to his certificate or deed. This was not done, and consequently the tax deed and certificate fell short of establishing the defence.

Judgment reversed and new trial ordered.