DAVID BRONSON and another *vs.* ST. CROIX LUMBER COMPANY and Intervenor.

October 6, 1890.

**Conflict of Laws—Issue of Title to Land in Another State.**—An issue as to the title to land in another state is to be determined by the law of real property in that state.

**Same—Effect of Tax-Deed of Land in Wisconsin.**—A tax-deed of lands in Wisconsin *held*, (in accordance with the statutes of that state and the decisions of its supreme court,) to be conclusive evidence of title in the grantee, after the lapse of the statutory period of limitations; the land being unoccupied, but constructively, (as held by such decisions,) in the possession of the grantee in the tax-deed.

Action brought in the district court for Washington county, and tried by *McCluer*, J., (a jury being waived,) who ordered judgment for plaintiffs for the return of the logs in dispute or their value with interest, amounting to $22,601.63. The defendant and intervenor appeal from the judgment.

*Warner, Richardson & Lawrence*, for appellants.

*Fayette Marsh*, for respondents.

DICKINSON, J.   This action was commenced in July, 1883, to recover from the St. Croix Lumber Company a quantity of logs—or the value of the same—which that corporation had cut in the winter of 1882–83 from lands in the state of Wisconsin, and which it had brought down the tributaries of the river St. Croix into Lake St. Croix. The title of the logs was in issue, and that depended upon the title to the lands from which they had been cut. The title to

the lands is conceded to have been in the plaintiffs, unless it had been divested by tax proceedings through which title is claimed to have become vested in the intervenor, Wing, under whose authority the timber was cut and converted into logs. At the trial, facts being admitted which were sufficient *prima facie* to show title to have been in the plaintiffs at the time of the cutting of the timber, the defendants relied upon certain tax-deeds, executed to the intervenor, Wing, as proof of the divestiture of the plaintiffs' title. We will confine our attention to one of these deeds, which was given and recorded June 1, 1878, and recites a sale of this land as having been made May 11, 1875, for non-payment of taxes. There is no question made as to the validity of this deed on its face, nor that it was substantially in the form prescribed by statute. It was admitted that the plaintiffs had not paid the taxes for the year 1874, (for which it is claimed that the land was sold,) and that they had never redeemed the land from any tax-sale. It is to be taken as a fact from the admissions of the parties that the lands have always been vacant and unoccupied. It was stipulated for the purposes of the trial that the court should take judicial notice of the statutes of Wisconsin. The defendants made no proof of tax proceedings affecting this land other than the tax-deeds, and the recording of the same more than three years prior to the cutting of the timber in question. The trial court held this to be insufficient to show that the plaintiffs' original title had been divested, and judgment was rendered for the plaintiffs. On this appeal we are to consider the effect of the recorded tax-deed of 1878, as evidence in this action as to the title of the lands in Wisconsin. With this end in view, attention must be given particularly to what may be deemed to be the law of Wisconsin, as enacted by its legislature, and as construed and declared by its courts; for the law of that state controls, and by it the question of title to the land in Wisconsin must be determined, even though the law of real property within our own state might be different. *Washburn* v. *Van Steenwyk,* 32 Minn. 336, (20 N. W. Rep. 324.) We refer to such laws as are to be regarded as laws of property, and not to mere statutory rules of evidence which have no extraterritorial force.

When this deed was executed and recorded, a statute of Wisconsin (Laws 1861, c. 138, § 5) provided that "no action shall be commenced by the former owner or owners of any lands, or by any person claiming under him or them, to recover possession of land which has been sold and conveyed by deed for non-payment of taxes, or to avoid such deed, unless such action shall be commenced within three years next after the recording of such deed." An exception was made in favor of minors; also in cases where the taxes had been paid or the land redeemed, and in cases where the land was not liable to taxation. By chapter 240 of the Laws of 1878 the following provision was added to the above statute: "But, whenever any such action shall be commenced after the expiration of three years from the date of the recording of such deed, * * * such deed, if executed substantially in form prescribed by law for the execution of tax-deeds, shall be conclusive evidence of the existence and legality of all proceedings from and including the assessment of the property for taxation up to and including the execution of such deed." It may be questionable whether, by virtue of a subsequent enactment, (Laws 1878, c. 334, § 6,) the period of limitation applicable in this case was not reduced to nine months; but we may assume, as the respondents do, that the three-years limitation is applicable. The Revised Statutes of 1878, which did not go into effect until November of that year, contained some modifications of the previous law of limitation, to which we need not particularly refer; for, by the terms of section 4984, the prior statutory limitation having commenced to run before that revision went into effect, the prior law remained in force and was operative as the law of limitation applicable to the case.

The contention of the respondents is, in substance: (1) That the statutory limitation and the declared conclusive effect of the tax-deed are, by the terms of the law, not operative or of any effect, unless it be shown affirmatively and otherwise than by the tax-deed that the land had been *sold for taxes*, it being conceded that, if this were shown, the law of Wisconsin would be applicable as a rule of property to determine the effect of the recorded deed; (2) that the statute making the tax-deed conclusive evidence was unconstitutional,

if in fact no tax had been levied, and that preliminary proof of taxation must be made before any such effect can be given to the deed; (3) that, at most, the statute was but a rule of evidence having no force in this state.

It will be unnecessary for us to declare what we might deem to be the proper construction and effect of the statutes of Wisconsin, for the reason that the supreme court of that state has, by its decisions, authoritatively and finally declared the law affecting and determining the title to this land. It has been decided with reference to statutes like those in question, or so nearly the same that the decisions must be regarded as controlling this case, that the grantee in a recorded tax-deed, valid on its face, is to be deemed constructively in the possession of the land, if it be in fact vacant and unoccupied; that, if the original owner neglects to sue until the prescribed period of limitation shall have expired, he is barred by the statute; and that the title vests absolutely in the party in whose favor the limitation has thus been perfected, all questions of the validity of the proceedings, whether going to the groundwork of the tax or in the nature of mere irregularities, being thenceforth set at rest, excepting, perhaps, as to the taxability of the land and the jurisdiction of the officers to institute and carry on tax proceedings, and, perhaps, also as to the fact of the tax having been paid, or the land redeemed therefrom; and that, although the statutes refer to deeds for lands "sold for taxes," the deed itself becomes, under such statutes as that above recited, conclusive evidence to the extent above indicated, without proof of the preliminary proceedings. *Sprecher* v. *Wakeley,* 11 Wis. 432; *Hill* v. *Kricke,* Id. 442; *Knox* v. *Cleveland,* 13 Wis. 245; *Stewart* v. *McSweeney,* 14 Wis. 468; *Dean* v. *Earley,* 15 Wis. 100; *Parish* v. *Eager,* Id. 532; *Whitney* v. *Marshall,* 17 Wis. 174; *Smith* v. *Cleveland,* Id. 556; *Gunnison* v. *Hoehne,* 18 Wis. 268; *Lindsay* v. *Fay,* 28 Wis. 177; *Cutler* v. *Hurlbut,* 29 Wis. 152; *Lawrence* v. *Kenney,* 32 Wis. 281; *Austin* v. *Holt,* Id. 478; *Oconto Co.* v. *Jerrard,* 46 Wis. 317; *Milledge* v. *Coleman,* 47 Wis. 184, (2 N. W. Rep. 77;) *Hiles* v. *La Flesh,* 59 Wis. 465, (18 N. W. Rep. 435;) *Finn* v. *Wisconsin River Land Co.,* 72 Wis. 546, (40 N. W. Rep. 209;) *St. Croix Land & Lumber Co.* v. *Ritchie,* 73 Wis. 409, (41 N. W. Rep. 345,

1064.) And such decisions have been accepted as final by the federal courts, to be followed as the law of real property. *Coleman* v. *Peshtigo Lumber Co.,* 30 Fed. Rep. 317; *Geekie* v. *Kirby Carpenter Co.,* 106 U. S. 379, (1 Sup. Ct. Rep. 315.) The law of Wisconsin giving such a *conclusive* effect to the tax-deed after the expiration of the statutory limitation is not merely a rule of evidence, of no effect elsewhere. It is essentially a law of property, and we must so regard it when, as in this case, an issue arises respecting the title to land in Wisconsin.

Concerning the facts as to which, as above indicated, the deed may not be conclusive evidence, we need only to add: The land had been patented to private individuals, and, presumptively, was subject to taxation, and no further proof was required from the defendant that the land was taxable. So, too, the general authority of the officers to institute and carry on tax proceedings is to be presumed.

In view of the decisions above recited, it is clear that we cannot declare the law of Wisconsin to be unconstitutional. It is to be observed, however, that the case is not one where the original owner of the land has been in actual, or even constructive, possession during the running of the statutory period of limitation.

The decision of the court below was based chiefly upon *Bisbee* v. *Torinus,* 22 Minn. 555, and *Musser* v. *McRae,* 38 Minn. 409, (38 N. W. Rep. 103,) which were supposed to control the determination of this case. We do not understand that those decisions were decisive of the questions here presented. The statute recited in the opinion in the latter of these cases declared that deeds or patents such as are there specified should be received "as *presumptive* evidence of the facts therein stated." The statute cited and relied upon by the respondent in *Bisbee* v. *Torinus* declared that the tax-deeds to which the statute referred should be *"prima facie* evidence of the regularity of all the proceedings from the valuation of the land of the assessor, inclusive, up to the execution of the deed." In both cases the statutes established only a rule of evidence, determining upon which party the burden of proof should rest, but not excluding all other evidence to show the facts to be contrary to the statutory presumption. The presumption was not conclusive, and

did not necessarily determine the question of title. Such statutory rules of evidence merely are of no effect beyond the state where they are enacted. We do not understand that any statute of limitations was relied upon in either of those cases as affecting the rights of the parties.

Judgment reversed, and new trial granted.