## EDITH M. LUNDGREN v. JOHN YDE.[1]

April 22, 1927.

No. 26,131.

**Homestead was not abandoned.**

The evidence supports a finding that a homestead had not been abandoned.

Homesteads, 29 C. J. p. 963 n. 10; p. 964 n. 13, 18 New; p. 965 n. 54.

Defendant appealed from a judgment of the district court for Beltrami county, Stanton, J. Affirmed.

*John L. Brown*, for appellant.

*Marshall A. Spooner*, for respondent.

WILSON, C. J.

Defendant appealed from a judgment quieting title to real estate.

On September 5, 1925, plaintiff rented her homestead, furnished, except as to linen and dishes, for $30 per month because she had no money with which to buy fuel. With her two children she moved to cheaper quarters. On January 5, 1926, the tenant vacated and plaintiff returned, alone, to her home and kept the fire burning until the next day when she rented to another tenant. The latter vacated on April 6, 1926, when plaintiff resumed her occupancy.

On January 14, 1926, defendant caused a judgment to be entered against plaintiff. Execution was issued. Defendant bought the premises on execution sale and the time to redeem expires June 5, 1927.

Plaintiff, on March 23, 1926, filed a statutory notice of homestead claim. This was six months and eighteen days after renting the premises on September 5, 1925. Defendant claims that because such notice was not filed within the six months period the judgment became a lien and the homestead was abandoned.

[1]Reported in 213 N. W. 537.

Defendant invokes the language of Gordon v. Emerson-Branting-ham Imp. Co. 168 Minn. 336, 210 N. W. 87, which says: "If he ceases to occupy the homestead for more than six consecutive months, he is deemed to have abandoned it unless, within the period mentioned, he files the notice." The finding of the trial court to the effect that the homestead was not abandoned does not depend upon the filing of the notice. Its filing was a circumstance. There is evidence in the record which would support the conclusion reached in the absence of the filing of the notice. Plaintiff had no money to buy fuel to keep the place warm for winter. She kept the home and its contents intact for her future use. She returned to it only the night it was unoccupied. Her conduct was consistent with her testimony that she never intended to waive her homestead rights. She returned to it in the spring as soon as it was vacated by the tenant. Upon our view of the facts plaintiff did not "cease to occupy such homestead" within the meaning of G. S. 1923, § 8342.

Affirmed.