INGER JENSEN v. ESTHER CHRISTENSEN AND ANOTHER.[1]

November 12, 1943.

No. 33,578.

[1]Reported in 11 N. W. (2d) 798.

*Marvin H. Adams,* for appellants.
*W. A. Lienke* and *A. R. English,* for respondent.

YOUNGDAHL, JUSTICE.

This action was brought to set aside a levy upon and sale of certain real estate claimed by plaintiff to be her homestead and as such exempt from execution sale under Minn. St. 1941, § 510.01 (Mason St. 1927, § 8336).

It appears that plaintiff and her husband, Johannes Jensen, now deceased, purchased lots 3 and 4 of block 14 of the Original Plat of the Village of Westbrook, Cottonwood county, and occupied a dwelling located upon the premises for several years prior to Jensen's death, which occurred approximately 20 years ago. Since that time plaintiff has retained ownership of the premises. From about 1922 until 1935 the property was leased to tenants. During 1935 plaintiff's granddaughter and her husband rented the premises and resided there until 1941.

On January 4, 1937, one H. J. Christensen recovered judgment against plaintiff and another in the sum of $1,110.05. Thereafter defendant Esther Christensen was appointed representative of the estate of H. J. Christensen, now deceased, and on June 2, 1941, as such representative, caused an execution to be issued and a levy made upon the above described property. On the date last mentioned the sheriff levied upon the premises, and on July 25, 1941, sold the property at sheriff's sale to defendant Christensen in satisfaction of the judgment. A sheriff's certificate of sale was issued and delivered to defendant Christensen, who caused the same to be recorded in the office of the register of deeds of Cottonwood county.

On March 21, 1941, plaintiff filed in the office of the register of deeds a notice claiming the property as her homestead, and on July 1, 1941, brought this action to set aside the levy and execution.

It is undisputed that plaintiff's granddaughter and her husband resided on the premises from 1935 until 1941. Plaintiff claims that during this period she lived there intermittently with her granddaughter and that the property was her homestead at all times. Defendants deny that the property was the homestead of plaintiff on January 4, 1937, the date judgment was rendered against plaintiff, or at any time subsequent thereto up to the time of defendants' execution and levy. They further deny that plaintiff resided on the premises at any of the times material to this action.

The evidence of occupancy of the premises by plaintiff between 1935 and 1941 is conflicting. The lower court made its findings of fact determining that the property was plaintiff's homestead on January 4, 1937, and subsequent thereto to the time of the sheriff's sale, and as such exempt from execution sale. Judgment was ordered for plaintiff, and defendants appeal.

Although there are several assignments of error, this appeal raises the sole question whether on January 4, 1937, and up to and including the time of the levy and execution sale on June 2, 1941, plaintiff occupied the premises as her homestead.

■ Minn. St. 1941, § 510.01 (Mason St. 1927, § 8336), provides that the homestead exemption shall apply to a "house owned and

occupied by a debtor as his dwelling place, * * *." *Id.* § 510.07 (§ 8342) further provides that the debtor "may remove therefrom without affecting such exemption, if he do not thereby abandon the same as his place of abode. If he shall cease to occupy such homestead for more than six consecutive months he shall be deemed to have abandoned the same unless, within such period, he shall file * * * a notice * * * claiming the same as his homestead." The statutory notice was filed in this case.

■ The burden is on the debtor claiming a homestead exemption to establish compliance with the statute. Gowan v. Fountain, 50 Minn. 264, 52 N. W. 862; Fidelity-Philadelphia Trust Co. v. Brown, 181 Minn. 392, 232 N. W. 740. Homestead laws are to be liberally construed in order to "carry out the manifest purpose of the legislature." Tomlinson v. Kandiyohi County Bank, 162 Minn. 230, 202 N. W. 494. In the early case of Ferguson v. Kumler, 27 Minn. 156, 159, 6 N. W. 618, 619, this court expressed the philosophy of the homestead law in this language:

"* * * The law originated in the wise and humane policy of securing to the citizen, against all the misfortunes and uncertainties of life, the benefits of a home, not in the interest of himself, or, if a married man, of himself and family alone, but likewise in the interest of the state, whose welfare and prosperity so largely depend upon the growth and cultivation among its citizens of feelings of personal independence, together with love of country and kindred— sentiments that find their deepest root and best nourishment where the home life is spent and enjoyed."

In determining the issue before us, we have in mind the beneficent purpose of the act so well expressed in that case.

■ The lower court found that the premises of plaintiff during the time material hereto were "selected, claimed and occupied" by her as her homestead," and as such exempt by law from levy or sale upon execution." In a memorandum attached to the order the court stated that a finding either way could have been sustained. The court felt that, although some of the testimony did not support

plaintiff's contention, the evidence as a whole was sufficient to indicate her intention to retain the premises as her home during the period material hereto. The only question before us is whether there is any evidence reasonably tending to sustain the finding.

Viewing the evidence in the light most favorable to the prevailing party, as is required on appeal, it appears that plaintiff has been the owner of the property for more than 20 years. She owns no other real estate. Prior to her husband's death they made their home there. A short time before his death they lived with a son on a nearby farm, leasing the property in Westbrook. From that time until April 1, 1935, plaintiff lived with her children. On that date Lenora Peterson, plaintiff's granddaughter, and her husband, moved into the house, agreeing to pay $16 per month as rent. Under the agreement, plaintiff was to make her home with them and was to have the privilege of coming and going as she chose. She furnished money for part of the furniture. From April 1, 1935, to some time in February 1941, she lived on the premises with the Petersons at least intermittently. Occasionally she visited the other children but did not stay away from the Petersons longer than three months at any time. Some of her clothing, bedding, and other effects were in the home. In February 1941 the Petersons found it necessary to move to Heron Lake. Plaintiff then stayed at the home of a son near Westbrook. On March 21, 1941, she filed in the office of the register of deeds statutory notice claiming the property as her homestead. Upon these facts, the court was justified in reaching the conclusion that plaintiff occupied the premises as her homestead from 1935 through January 4, 1937, the date of defendant's judgment, up to July 1941, the time of the execution sale. We are satisfied, therefore, that the findings are amply sustained. Gussman v. Rodgers, 190 Minn. 153, 251 N. W. 18; Lundgren v. Yde, 171 Minn. 176, 213 N. W. 537; Eberhart v. National Citizens Bank, 172 Minn. 200, 214 N. W. 793; Jaenicke v. Fountain City Drill Co. 106 Minn. 442, 119 N. W. 60. We do not overlook the fact that defendants adduced testimony tending to show that plaintiff was not on the premises to any appreciable

extent. Temporary absence from the premises would not of itself destroy plaintiff's right to claim it as her homestead. Lundgren v. Yde, 171 Minn. 176, 213 N. W. 537, *supra*. Moreover, because of an affliction of arthritis, plaintiff was not able to move about as freely as she might otherwise have done. It is possible that she might have been there unobserved. This evidence, as the trial court suggested, was "negative testimony" and was not of high probative value. Plaintiff was not very responsive to the questions asked her at the trial upon this issue, but, considering her age and disability, this is understandable. Other evidence, no doubt, could be pointed to as indicating that she did not consider the premises her home. The most that can be said for defendants' position is that the issue could have been decided either way. On review we cannot disturb the finding of the trier of fact where, as here, there is reasonable evidence tending to sustain it. 1 Dunnell, Dig. & Supp. § 411.

Affirmed.

MR. JUSTICE LORING, absent because of accidental injuries, took no part in the consideration or decision of this case.

