**In re George F. LEHMAN, Debtor.**

**Bankruptcy No. 3–84–1282.**

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Dec. 13, 1984.

Brian Leonard, St. Paul, Minn., Trustee.

James Whelpley, Minneapolis, Minn., for debtor.

## MEMORANDUM ORDER

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter came on for hearing on November 16, 1984, on objection of the Trustee to the Debtor's claimed exemption of certain real property. Based on the testimony taken at the hearing, briefs submitted by counsel, and upon the entire Court file, the Court makes this Order pursuant to the Federal Rules of Bankruptcy Procedure.

### I.

Debtor is an unmarried, middle-aged man who has no children. Apparently he has had a history of mental and emotional problems requiring periodic hospitalization, and was most recently released from Anoka State Hospital in late September, 1983. Upon his release, Lehman returned home to live with his mother in Montgomery, Minnesota, at a house that she then owned. He remained living with his mother in the house until late December 1983 when he left under circumstances not entirely clear from the record and has not returned since.

While residing with his mother during the fall of 1983, Lehman obtained from her a deed wherein she conveyed the property to him reserving to herself a life estate. Subsequent to the conveyance, Lehman's two siblings established a Court supervised conservatorship of their mother's estate and commenced a State Court action to have the deed nullified.

Lehman filed for relief under Title 11 U.S.C. Ch. 7, on July 13, 1984, and claimed his interest in the Montgomery property as exempt, utilizing the Minnesota homestead exemption. At the time the petition was filed, the State Court action had not proceeded to judgment and his interest in the property has not, as yet, been judicially determined.

The Trustee timely objected to the exemption and the Debtor timely requested hearing. The basis for the Trustee's objection is that: (1) at the time the petition was filed, Lehman had been absent from the home for a period exceeding six months without filing a notice of nonabandonment as required by MINN.STAT. § 510.07, and consequently, as a matter of law, had abandoned any homestead rights he otherwise might have had; and (2) he did not live on the premises when the petition was filed or at any time thereafter.

Lehman claims that his absence was, and continues to be, occasioned by fear for his personal safety due to threats from his siblings and their spouses, particularly his brother-in-law, Leonard Duffeney. Mr. Duffeney testified at the hearing that he never threatened Lehman, but that Lehman had actually threatened him several times.

## II.

■ MINN.STAT. § 510.07 provides in pertinent part:

> * * * If he [the owner] shall cease to occupy such homestead for more than six consecutive months he shall be deemed to have abandoned the same unless, within such period, he shall file with the register of deeds of the county in which it is situated a notice, * * * claiming the same as his homestead.

Failure to file the notice required by the statute generally is conclusive evidence of abandonment of a homestead where there exists an absence from the premises continuing six consecutive months. See: *First Nat'l Bank of Mankato v. Wilson,* 234 Minn. 160, 47 N.W.2d 764 (1951). But there are exceptions. See: *Jensen v. Christensen,* 216 Minn. 92, 11 N.W.2d 798 (1943); *Wells-Dickey Trust Co. v. Linberg,* 165 Minn. 492, 206 N.W. 929 (1926); and *In re Joy, Joy v. Leonard,* 5 B.R. 681 (Bankr. Minn.1980).

■ Here, Lehman's absence from the Montgomery home *prior* to the date of the petition is not determinative of his right to claim his interest as exempt on the date of bankruptcy. A debtor may convert a non-exempt asset into an exempt asset on the eve of bankruptcy. Accordingly, even if he might have lost the homestead exemption prior to filing the petition by operation of MINN.STAT. § 510.07, Lehman could still reinstate it upon the filing of the petition.

The right to a homestead exemption in bankruptcy is premised upon its designation and occupancy. Constructive occupan-

cy will suffice where there is a positive indication of an intent to occupy. See: 3 Colliers on Bankruptcy 15 ed. ¶ 522.10, p. 522–44, *et. seq.*

Lehman designated the exemption in his Schedule B–4. He testified that at the time the petition was filed, he intended to occupy the premises by living there. Nearly all of his possessions, meager as they might be, were left and remain on the premises. Mr. Duffeney testified that Lehman's belongings were boxed and stored in the garage by Duffeney and possibly others. Testimony was conflicting regarding who, if anyone, threatened who. But it is clear that tension between Lehman and his siblings remain high and that, at least pending judicial determination of Lehman's interest in the property, he deems it unwise to physically occupy it. Under the circumstances, the Court believes that constructive occupation has been shown to satisfy the requirement of occupancy as an element needed to claim the homestead exemption upon the filing of the petition.

Allowance of the exemption in this case must not be viewed as a determination of Lehman's interest in the property. Much of the testimony elicited by the Trustee at the hearing went to the issue of validity of the conveyance, and its validity is highly questionable. However, the Court believes that the status of Lehman's interest should, in fairness, be determined in the State Court proceeding. The issue should not be avoided by failure of his claimed exemption with the almost certain result of sale by the Trustee of the estate's interest to the conservatorship estate for a nominal amount.

**ACCORDINGLY IT IS ORDERED:** the Trustee's objection is overruled and the exemption is allowed without, however, determination by this Court of the validity of the Debtor's interest in the subject property.