# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 04-2335

_____

| | | |
|---|---|---|
| In re: Bradley Drenttel; Mary Drenttel, formerly doing business as The Frame Merchant, | * * * * | |
| Debtor. | * * | Appeal From the United States |
| ---------------------------------- | * * | Bankruptcy Appellate Panel. |
| Bradley Drenttel, Mary Drenttel, | * * | |
| Appellees, | * * | |
| v. | * * | |
| Mary Jo A. Jensen-Carter, | * * | |
| Appellant. | * | |

_____

Submitted:  February 14, 2005
Filed:  March 31, 2005

_____

Before MELLOY, HEANEY, and FAGG,* Circuit Judges.

_____

HEANEY, Circuit Judge.

_____

*Judge George G. Fagg recused himself from further participation in this case following oral argument and did not participate in the decision. Pursuant to Eighth Circuit Rule 47E, the two remaining judges on the panel have decided the case.

Mary Jo A. Jensen-Carter, the trustee in bankruptcy (trustee) for the estate of Bradley and Mary Drenttel, appeals the Bankruptcy Appellate Panel's (BAP) reversal of the bankruptcy court, permitting the Drenttels to apply Minnesota's statutory $200,000 homestead exemption to their residence located in Arizona. The trustee contends that the Minnesota exemption should not be given extraterritorial effect. We affirm.

## BACKGROUND

The facts are undisputed. The Drenttels resided in Minnesota until June of 2003, when they sold their Minnesota residence and purchased a home in Arizona. On July 17, 2003, the Drenttels filed a Chapter 7 bankruptcy petition in the District of Minnesota. The Drenttels claimed their unencumbered Arizona property, valued at $181,682, was exempt from the bankruptcy estate under Minnesota's statutory homestead exemption. The trustee objected, claiming that the Minnesota homestead exemption may not be applied to real property located outside of Minnesota. The bankruptcy court sustained the objection. The Drenttels appealed to the BAP, which reversed. The trustee appeals.

## ANALYSIS

We review the legal conclusions of the BAP de novo. In re Wick, 276 F.3d 412, 415 (8th Cir. 2002). Debtors must file for bankruptcy protection under Title 11 in the district where the debtor's domicile was located for the longer portion of the 180-day period immediately preceding the filing. 28 U.S.C. § 1408. As of July 17, 2003, the Drenttels' domicile for bankruptcy filing was Minnesota, because they had lived in Arizona fewer than 90 days.

The Drenttels were permitted to exempt from the bankruptcy estate

> property that is exempt under Federal law . . . or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place.

11 U.S.C. § 522(b)(2)(A). Therefore, only federal and Minnesota exemptions were available to the Drenttels when they filed for bankruptcy. Minnesota permits an exemption of up to $200,000 for the house owned and occupied by a debtor as the debtor's dwelling place, together with the land upon which it is situated. Minn. Stat. §§ 510.01-.02.

The trustee argues that the Minnesota exemption is unavailable to the Drenttels because their homestead is located outside of Minnesota, and states traditionally do not give extraterritorial effect to statutes relating to the ownership of real property.[1] See, e.g., United States v. Crosby, 11 U.S. 115, 116 (1812); In re St. Paul & K.C. Grain Co., 94 N.W. 218, 223 (Minn. 1903). Bankruptcy courts are divided on this issue. Compare In re Sipka, 149 B.R. 181 (D. Kan. 1992) (refusing to exempt under Kansas law the proceeds of the involuntary sale of a Michigan residence), and In re Peters, 91 B.R. 401 (Bankr. W.D. Tex. 1988) (holding that the Texas homestead exemption, which was limited by statute to homesteads in the state, was not available to out-of-state residence), with In re Tanzi, 287 B.R. 557 (Bankr. W.D. Wash. 2002) (holding that either Washington or California exemptions applied to debtors' Florida

---

[1]This rule is based on state interpretation of state law and may not apply with equal force in the context of a federal statute. Traditional concerns respecting the dignity and sovereignty of other states and limiting jurisdiction to the state borders are simply inconsistent with the national effect and supremacy of federal law. But see In re Cochrane, 178 B.R. 1011, 1018 n.8 (Bankr. D. Minn. 1995) (suggesting in dicta that basic limitations of federalism are not altered by the nature of a bankruptcy proceeding).

residence), and In re Stratton, 269 B.R. 716 (Bankr. D. Or. 2001) (upholding debtor's claim of Oregon homestead exemption for property located in California). To reach this result, the trustee points not to the statutory language of Minnesota's homestead exemption, but to Minnesota choice-of-law principles. The phrase "the law that is applicable" as used in 11 U.S.C. § 522(b)(2)(A) would therefore refer to the whole of Minnesota law. Following this approach, the bankruptcy court would determine what exemption to apply by asking whether Minnesota courts would apply the Minnesota homestead exemption, or another state's exemption, to the property.[2]

We are not persuaded that Congress invoked state choice-of-law rules with this provision. References to state exemption statutes do not invoke the entire law of the state. Instead, Congress used state-defined exemptions as part of a federal bankruptcy scheme, while limiting the application of state policies that impair those exemptions. Owen v. Owen, 500 U.S. 305, 313 (1991) (finding no inconsistency in the policy of permitting state-defined exemptions while disfavoring waiver of exemptions and impingement of liens on exemptions); cf Butner v. United States, 440 U.S. 48, 55 (1979) (acknowledging that property interests normally governed by state law could be analyzed differently if some federal interest requires a different result). The federal bankruptcy statute dictates the applicable exemptions, requiring the debtor to file in the designated district, and stating that the debtor is entitled to federal exemptions or the exemptions provided by the law of the state where the petition is filed. § 522(b)(2)(A). "This is a federal choice of law in which the choice has been

---

[2]The trustee claims only that Minnesota would not apply its own homestead exemption to the Arizona property, based on comity and choice-of-law principles. It appears to us, however, that the bankruptcy court would also have to consider whether the Minnesota court would apply Arizona law and the Arizona homestead exemption. See, e.g., Lake County Trust Co. v. Two Bar B, Inc., 606 N.E.2d 258 (Ill. App. Ct. 1992) (applying Indiana law where the subject matter at issue was farmland in Indiana); Bronson v. St. Croix Lumber Co., 46 N.W. 570 (Minn. 1890) (applying Wisconsin law to determine title of real property located in Wisconsin).

made. That choice is the applicable state exemption law, and in this case the exemption law is [Minnesota]'s statutory homestead exemption. Whatever [Minnesota]'s conflicts of law jurisprudence may be is simply irrelevant." In re Arrol, 170 F.3d 934, 936 (9th Cir. 1999) (citing In re Calhoun, 47 B.R. 119, 122 (Bankr. E.D. Va. 1985)).

Addition of state choice-of-law principles into the bankruptcy code would complicate and lengthen bankruptcy adjudications, while reducing the barriers to forum shopping by debtors. Cf. Butner, 440 U.S. at 55 (listing reducing uncertainty, discouraging forum shopping, and preventing windfalls as justifications for generally applying state law in bankruptcy cases). While the trustee suggests that its proposed rule is required to avoid forum shopping, the danger is increased, not decreased, if debtors reap an immediate benefit from the homestead exemptions in the state where they relocate. The application of state choice-of-law rules in these cases produces the very results the statute appears designed to avoid. See, e.g., In re Tanzi, 287 B.R. at 558-60 (preventing debtors from applying Florida's homestead exemption to their Florida residence, valued at $985,000, because the debtors' domicile for bankruptcy purposes was either California or Washington). The trustee's construction would disrupt the federal scheme, which currently limits the ability of debtors to change their domicile[3] and would return to the process a measure of uncertainty removed by the federal statute.

We therefore look to the language of the Minnesota exemption, without reference to Minnesota choice of law, asking whether this exemption can be applied to an Arizona homestead. Minnesota courts have historically construed the

---

[3]Under the current federal scheme, a debtor's domicile for bankruptcy purposes does not change immediately when the debtor relocates. Creditors may force a debtor into bankruptcy proceedings in the state they have moved from. If the trustee's interpretation were adopted, it is not clear why they would bother: the homestead exemption from the new residence would still apply.

homestead exemption liberally in favor of the debtor.  Kipp v. Sweno, 683 N.W.2d 259, 263 (Minn. 2004); Denzer v. Prendergast, 126 N.W.2d 440, 443-44 (Minn. 1964); Jensen v. Christensen, 11 N.W.2d 798, 799 (Minn. 1943).  The state's policy of protecting a debtor's homestead rests on the recognition that the state benefits from the sense of security and connection to the community nurtured in the home.  Jensen, 11 N.W.2d at 799.  The homestead exemption protects the debtor's family and helps to reduce the need for state services.  Denzer, 126 N.W.2d at 443-44.  The provision of the homestead exemption may even serve the long-term interests of creditors.  "[E]xperience has taught that in the long run obligations are more likely to be fulfilled by those whose connections with the community are stabilized by a protected interest in a relatively permanent place of abode than by those not so anchored."  Id. at 443.  These policies are furthered by providing debtors a secure home protected from creditors; the location of the home is not relevant.

Permitting the exemption of the Arizona homestead is consistent with the general rule of liberal construction in favor of the debtor, and furthers the Minnesota policies underlying the exemption.  The statute itself does not preclude use of the homestead exemption for an out-of-state property.  Accord In re Arrol, 170 F.3d at 936 (noting that California's homestead exemption is not limited to in state dwellings).  We therefore conclude that the Minnesota exemption can be applied to the Drenttels' Arizona homestead and affirm the decision of the BAP.

_____