FILED

MAR 12 2018

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No.   NV-16-1387-BHTa |
| ) | |
| LEONARD A. MANCUSO, II, ) | Bk. No.   2:16-bk-10769-BTB |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| LEONARD A. MANCUSO, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **MEMORANDUM**[*] |
| ) | |
| RICK A. YARNALL, Chapter 13 ) | |
| Trustee; VICTORIA L. NELSON, ) | |
| Chapter 7 Trustee, ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

Argued and Submitted on December 1, 2017
at Las Vegas, Nevada

Filed – March 12, 2018

Appeal from the United States Bankruptcy Court
for the District of Nevada

Honorable Bruce T. Beesley, Chief Bankruptcy Judge, Presiding

Appearances:     Thomas Edmund Crowe argued for appellant Leonard A. Mancuso, II; Daniel Riggs argued for appellee Rick A. Yarnall, Chapter 13 Trustee.

Before:   HOULE,[**] TAYLOR, and BRAND, Bankruptcy Judges.

---

[*]   This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1(c)(2).

[**]   The Hon. Mark D. Houle, United States Bankruptcy Judge for the Central District of California, sitting by designation.

Less than 730 days before filing bankruptcy, Leonard Mancuso ("Debtor") moved from Florida to Nevada. After filing bankruptcy in Nevada, Debtor selected Nevada state exemptions in his bankruptcy schedules. The Chapter 7[1] Trustee filed a motion seeking an order: (1) disallowing Debtor's claim of Nevada exemptions; and (2) holding that Debtor was only eligible to use the § 522(d) federal exemptions. Debtor responded by arguing that, if Debtor was ineligible to use Nevada state exemptions, Debtor should be permitted to use Florida state exemptions (although Debtor had not yet amended his schedules to seek Florida exemptions). The bankruptcy court granted the motion of the Chapter 7 Trustee, and Debtor appealed. Within an hour of the entry of the bankruptcy court's order, Debtor's case was re-converted to Chapter 13, and, as a result, the Chapter 13 Trustee is the Appellee in this appeal. For the reasons outlined below, we AFFIRM.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In July 2014, Debtor relocated from Florida to Nevada, and, on May 7, 2015, purchased real property located in Las Vegas, Nevada. On February 22, 2016, Debtor filed a Chapter 13 voluntary petition. Debtor later converted his case to Chapter 7.

The Chapter 7 Trustee filed an objection to Debtor's claimed Nevada exemptions on the basis that Debtor had not

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All "Rule" references are to the Federal Rules of Bankruptcy Procedure. All "Civil Rule" references are to the Federal Rules of Civil Procedure.

resided in Nevada for the entirety of the previous 730 days. Debtor responded by arguing that, if he were ineligible to select Nevada exemptions, he should be allowed to claim Florida exemptions – the state where he resided prior to moving to Nevada – including Florida's homestead exemption, even though at the time of the bankruptcy filing Debtor's homestead was located in Nevada.

The bankruptcy court ultimately sustained Trustee's objection, holding that Debtor was only entitled to claim the § 522(d) exemptions. The bankruptcy court's oral conclusions of law at the hearing on September 28, 2016, indicate that the bankruptcy court implicitly found that Florida exemptions were limited to Florida residents. Because the bankruptcy court concluded that the Code prohibited Debtor from using Nevada exemptions and that Florida law precluded Debtor from using Florida exemptions, the bankruptcy court concluded that Debtor was only entitled to use § 522(d) exemptions. On the day of this ruling, Debtor re-converted his case to Chapter 13, and, two weeks later, appealed the bankruptcy court's order sustaining the Trustee's objection.

## II. JURISDICTION

Subject to the discussion below, the bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

1. Is this appeal moot due to Debtor's failure to claim Florida exemptions prior to entry of the applicable order?

2. Is Debtor eligible to select Florida exemptions despite

3

not being a resident of the state of Florida as of the petition date?

3. If Debtor can select the Florida homestead exemption, can Debtor utilize such exemption to exempt a homestead located outside the state of Florida?

## IV. STANDARDS OF REVIEW

We review the bankruptcy court's legal conclusions de novo. See, e.g., Graves v. Myrvang (In re Myrvang), 232 F.3d 1116, 1120 (9th Cir. 2000). "We review . . . mootness de novo." United States v. Montes-Ruiz, 745 F.3d 1286, 1289 (9th Cir. 2014). The disallowance of an exemption is subject to de novo review. See, e.g., Lieberman v. Hawkins (In re Lieberman), 245 F.3d 1090, 1091 (9th Cir. 2001).

## V. DISCUSSION

**A.    The appeal is not moot or premature.**

In Trustee's Appellee's brief, Trustee suggests that because "[t]he crux of this appeal revolves around whether Debtor can apply Florida's homestead exemption to his Nevada property," the appeal may be moot, since, at the time of the appeal, Debtor had only requested, but not yet formally claimed, Florida exemptions. An appeal is moot if, due to events that occurred after the filing of the appeal, the reviewing court is unable to offer effectual relief. See, e.g., Church of Scientology of Cal. v. United States, 506 U.S. 9, 13 (1992). Here, the appeal is clearly not moot because an order finding Debtor is entitled to claim Florida exemptions would allow Debtor to claim Florida exemptions in his pending bankruptcy case.

4

To the extent that Trustee's argument could be characterized as an argument that the appeal is premature, we reject the contention. The bankruptcy court issued an order prohibiting Debtor from selecting any exemptions other than federal exemptions and, therefore, Debtor's request to be allowed to select Florida exemptions is ripe.

**B.   Legal Background**

11 U.S.C. § 522(b)(1)-(3)(A)(2016) states, in part:

(b)(1) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this section. . . .

(2) Property listed in this paragraph is property that is specified under subsection (d), unless the State law that is applicable to the debtor under paragraph (3)(A) specifically does not so authorize.

(3) Property listed in this paragraph is –
    (A) subject to subsections (o) and (p), any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition to the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition or if the debtor's domicile has not been located in a single State for such 730-day period, the place in which the debtor's domicile was located for 180 days immediately preceding the 730-day period or for a longer portion of such 180-day period than in any other place[.] . . .

Debtor and Trustee agree that Debtor's domicile was not located in a single state for the 730-day period prior to the petition date, and also agree that Debtor's domicile was located in Florida for the 180 days immediately preceding the 730 days prior to the petition date.

5

### C. The bankruptcy court was correct in concluding that Debtor could not use Florida exemptions to exempt his residence located in Nevada.

Trustee next argues that Debtor is not permitted to claim a Florida homestead exemption in a homestead located outside the state of Florida. As is noted by Trustee, this proposition has been repeatedly accepted by the courts. As one bankruptcy court stated:

> Florida courts have construed the Florida Constitution to require that a homestead be located within the State of Florida for the Florida homestead exemption to be applicable. In doing so, Florida adopts the majority view that in order to utilize a state's homestead exemption, the property claimed must be located within that state. Holding that the Florida homestead exemption has no extraterritorial effect discourages debtors from forum shopping to take advantage of Florida's generous homestead exemption. This position also recognizes that state exemption laws are drafted to protect the homes of families located within the state and should not be applied with extraterritorial force.

In re Schlakman, No.05-36921-BKC-PGH, 2007 WL 1482011 at *3 (Bankr. S.D. Fla. Jan. 16, 2007) (citations and footnotes omitted) (collecting cases); see also In re Sanders, 72 B.R. 124, 125 (Bankr. M.D. Fla. 1987) ("Article 10, § 4(a)(1) of the Florida Constitution as amended in 1972 governs homestead exemptions. Implicit within that section is the requirement that the property being claimed as exempt homestead be located in the State of Florida.").

Debtor has not provided a case in which a court concluded that Florida did not require the homestead to be located within the state of Florida. Instead, Debtor has advanced two arguments in support of his request that the Panel deviate from the

6

traditional interpretation of the Florida homestead exemption, which can be characterized as follows: (1) an implicit requirement regarding the location of the homestead is incompatible with the policy of liberally construing exemptions; and (2) continuing to impose a residency requirement would impose unintended consequences after the BAPCPA[2] amendments to § 522(b).

Regarding the first argument, Debtor cites <u>Drenttel v. Jensen-Carter (In re Drenttel)</u>, 403 F.3d 611 (8th Cir. 2005) and <u>Arrol v. Broach (In re Arrol)</u>, 170 F.3d 934 (9th Cir. 1999), in which the courts allowed homestead exemptions in out-of-state property under Minnesota and California law, respectively. These cases, however, are distinguishable from the present circumstance because the Eighth and Ninth Circuits relied on Minnesota and California law and found that those states have consistently espoused a liberal, broad construction of the applicable homestead exemption, supporting an extension of the exemption to a homestead located out of state. One bankruptcy court recently explained its process of determining whether exemption laws apply extraterritorially:

> Accordingly, if the language of a state's homestead statute restricts its application to property located within the state, the statute cannot be given extraterritorial effect by this Court. If the plain language of a state's homestead statute is silent as to its extraterritorial effect, the Court will look to that state's case law precedent to determine if the state's homestead statute can be applied to property outside of the state. If the state's homestead statute is silent as to its extraterritorial effect, and there

---

[2] Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (2005) ("BAPCPA").

7

is no case law precedent determining the property of its extraterritorial application, the Court believes it is appropriate to interpret the state's homestead law to apply extraterritorially based upon the strong policy of liberally construing exemptions in favor of the debtor as espoused by the Eighth and Ninth Circuit Courts of Appeal.

In re Jevne, 387 B.R. 301, 304-05 (Bankr. S.D. Fla. 2008). In contrast to Drenttel and Arrol, in which the respective courts found applicable case law did not directly address the issue, and therefore continued to consider policy concerns, here, as discussed in the beginning of this section, a review of case law[3] interpreting Florida law reveals a clear restriction of the Florida homestead exemption to property located within the state of Florida. Therefore, the Panel declines to adopt Debtor's position that the legislative silence regarding the extraterritorial application of Florida homestead law should be deemed to permit such application.

Debtor's second argument is that a prohibition on extraterritorial application of Florida's homestead exemption would be inconsistent with the Code. 11 U.S.C. § 522(b)(3)(A) operates, in the default situation, to require the application of the law of a debtor's domicile as of the petition date, to the factual situation of a debtor as of the petition date. If a debtor has not been domiciled in a single state for the previous 730 days, then the provision contains an exception, reaching back to apply the law of the state where debtor was domiciled

[3] There do not appear to be Florida state court decisions directly on point. Bankruptcy courts analyzing Florida law, however, have uniformly found that the Florida homestead exemption only applies to property located within the state of Florida.

8

for the majority of the 180 days prior to the 730 day period preceding the petition date. But while the BAPCPA amendment temporally changes the applicable law, it does not contain any language that would produce the same effect on a debtor's factual situation (i.e. the language of the statute does not change the state of a debtor's domicile). If Congress, however, had desired that the residency determination, or the determination of any other factual issue, also be determined by looking to the facts as existed 730 days prior to the petition date, it could easily have drafted the appropriate instructions.

While the Panel cannot conclude that the clear purpose of § 522(b)(3)(A) is to treat a debtor not residing in his current jurisdiction for more than 730 days as if he were a resident of the state he resided in for the 180 days prior to that period, there may exist equitable and policy grounds that may support Debtor's argument. Specifically, given that the alternative federal exemptions contain only a relatively insignificant homestead exemption, a debtor who has significant equity in a home and has moved to a different state in the previous two years may be, from a practical perspective, significantly prejudiced in filing a Chapter 7 petition, depending on the exemptions allowed in the state the debtor previously resided in. As noted earlier, however, the Panel concludes that any such equitable concerns must defer to the relevant state's (here Florida) interpretation of their own exemption laws. And, as more fully discussed below, the Panel concludes that such equitable concerns cannot save Debtor's preemption argument.

The court in In re Fernandez, No. EP-11-CV-123-KL, 2011 WL

3423373 (W.D. Tex. Aug. 5, 2011) identified, and extensively discussed, the two[4] approaches to the extraterritorial application of state exemption laws post BAPCPA: (1) "the state-specific interpretation"; and (2) "the preemption view." Id. at 6; see Extraterritorial Application of State's Homestead Exemption Pursuant to Bankruptcy Code § 522, 47 A.L.R. FED. 2d 335 (2010) for a summary of different approaches. The former approach mirrors the approach taken in Jevne and requires the court to look to state law to determine whether extraterritorial application is warranted. The Fernandez court cites In re Garrett, 435 B.R. 434 (Bankr. S.D. Tex. 2010) as an example of the latter approach, an approach that Debtor appears to request that the Panel adopt here.

Although not cited by either party, the court in In re Camp, 396 B.R. 194 (Bankr. W.D. Tex. 2008) adopted the approach advocated by Debtor, holding that residency restrictions in Florida law relating to exemptions (in Camp, Florida's opt-out provision) were preempted by § 522(b). The Camp court, in explaining its holding, stated the following:

> But the general rule has limited application, where (as here) § 522(b)(3)(A) requires the application of the exemption laws of a state other than the state of the debtor's residence. For example, if thirty days before filing bankruptcy a debtor moved from Texas to Louisiana and purchased a home, § 522(b)(3)(A) requires the bankruptcy court to "disregard the element of reality" of the actual state of the debtor's residence (Louisiana), and instead engage in the fiction of considering the state of his or her

---

[4] The court in Fernandez actually noted three approaches. The third approach, adopted in the bankruptcy court decision under review in Fernandez, was rejected on appeal and does not appear to have been adopted in any other decision.

10

former residence (Texas) to be the state where he or she currently resides. If the debtor chooses state exemptions, Texas exemption laws would apply to the debtor's home and other property located within the state – in this case, within "Louisiana qua Texas." This is not, however, the extraterritorial application of Texas's exemption laws. It is not under the authority of the State of Texas that its exemption laws are being applied to property outside Texas. Rather, it is a federal choice of law statute – § 522(b)(3)(A) – that has expressly provided that the exemption laws of a particular state – Texas – are applicable to a debtor who, by definition, is no longer a domiciliary of that state and so whose property is almost certainly no longer located within that state.

Id. at 201-02; see also id. at 200 ("In this case, § 522(b)(3)(A) evidences a strong policy in favor of treating a recently departed debtor as if he had not moved for purposes of determining what property he may claim as exempt."). The approach in Camp directly contradicts the approach to Florida homestead exemptions adopted by the court in In re Adams, 375 B.R. 532 (Bankr. W.D. Mo. 2007).

The Panel cannot embrace the gymnastics engaged in by the Camp decision, which represents the minority approach to the issue. See In re Fernandez, 2011 WL 3423373 (W.D. Tex. 2011) (discussing "state-specific interpretation" and the "preemption view"). Specifically, the reasoning in the Camp excerpt above appears incomplete. The Camp court reasons that because § 522(b)(3)(A), in some situations, requires debtors to use the exemptions of a state where they do not reside, that provision preempts residency requirements. There is a fundamental problems with this conclusion, however, because if a state does not have residency restrictions, then the hanging paragraph of § 522(b) explicitly provides a solution by guaranteeing the debtor

11

federal exemptions. Section 522 does not appear to conflict with state exemption laws at all, but, rather, it harmonizes with those laws.

The second step taken by Camp, implicitly extending preemption from residency restrictions to restrictions on the location of the property, implicates additional issues. That reasoning, applied to the situation here, would have the Panel look to two years before the petition date to find the proper exemption laws and the residency status of Debtor, essentially requiring the Panel to treat "the recently departed debtor as if he had not moved for purposes of determining what property he may claim as exempt." In re Camp 396 B.R. at 200. But, simultaneously, the Panel is required to treat the Debtor as if he had moved for purposes of determining what property he may claim as exempt, for, if Debtor had not moved, there would be no Nevada property to exempt, and it certainly would not be Debtor's homestead. The preemption view essentially mandates this logically inconsistent approach be adopted because by classifying Debtor as a resident of Florida, it would preclude a debtor from selecting federal exemptions, constraining the debtor to a state's exemption scheme that would be partially inapplicable.

Instead, the Panel concludes that the majority approach, the state-specific approach, is the more logically coherent analysis. As is evidenced by Drenttel and Arrol, this approach may lead a court to permit the extraterritorial application of state homestead exemption laws. When interpreting Florida homestead laws, however, such extraterritorial application is

12

not permitted. While <u>Drenttel</u> and <u>Arrol</u> concluded that under the state laws of Minnesota and California, respectively, homestead exemptions were to be liberally applied, such an application is not adopted by Florida courts. Courts have repeatedly deferred to the individual states' preferences for their exemption schemes, even when such schemes result in a lack of uniformity. <u>See, e.g., Storer v. French (In re Storer)</u>, 58 F.3d 1125 (6th Cir. 1995); <u>see also</u> <u>Owen v. Owen</u>, 500 U.S. 305, 308 (1991) ("Nothing in subsection (b) (or elsewhere in the Code) limits a state's power to restrict the scope of its exemptions; indeed, it could theoretically accord no exemptions at all."). Debtor's request, that this Panel adopt a more liberal interpretation of the Florida homestead exemption than the interpretation adopted by Florida courts, is in contravention of the above-mentioned principle.[5]

**D.    We decline to determine whether Debtor is eligible to select Florida personal property exemptions.**

The bankruptcy court order states that: "The Debtor shall only be entitled to claim the exemptions set forth under Section 522(d)," which implicitly prevents Debtor from selecting any Florida exemptions, real property or personal property. A review of the record, however, establishes that the parties essentially limited their briefing to the issue of the extraterritorial application of Florida homestead's exemption; Debtor's

[5]    Furthermore, the Court does not agree with Debtor's contention that the BAPCPA amendments evince Congressional desire for courts to adopt more generous interpretations of state homestead exemption laws; BAPCPA amendments were for the explicit purpose of preventing abuse of the bankruptcy system.

13

eligibility to select Florida personal property exemptions was not directly briefed or argued before the Panel. On the record before us, the Panel declines to determine whether Debtor is entitled to select Florida personal property exemptions.

### E. We do not reach Debtor's new argument first raised on appeal.

Debtor also asserted a new theory at oral argument relating to Debtor's ability to exempt the proceeds of the sale of his Florida real property in whatever form those proceeds currently exist. "[I]n general, 'a federal appellate court does not consider an issue not passed upon below.'" Mano-Y&M, Ltd. v. Field (In re Mortg. Store, Inc.), 773 F.3d 990, 998 (9th Cir. 2014) (quoting Singleton v. Wulff, 428 U.S. 106, 120 (1976)). And a "litigant may waive an issue by failing to raise it in a bankruptcy court." Id. That said, we "have discretion to consider arguments raised for the first time on appeal, but do so only if there are 'exceptional circumstances.'" Id. (quoting El Paso City of Tex. v. Am. W. Airlines, Inc. (In re Am. W. Airlines), 217 F.3d 1161, 1165 (9th Cir. 2000)). Here, Debtor did not even raise the issue in his opening brief, but, instead, waited until oral argument. We decline to exercise discretion to consider this new theory first raised on appeal at oral argument.

### VI. CONCLUSION

In accordance with the foregoing, the Panel finds that the Florida homestead exemption cannot be applied to a homestead located outside the state of Florida. Therefore, the bankruptcy court order is AFFIRMED.

14